ALAN R. SMITH, ESQ.
Nevada Bar No. 1449
Law Offices of Alan R. Smith
505 Ridge Street
Reno, Nevada 89501
Telephone (775) 786-4579
Facsimile (775) 786-3066
Email: mail@asmithlaw.com

*ELECTRONICALLY FILED*
*January 18, 2011*

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

—ooOoo—

In Re:

ELKO GOLD MINE, LLC,

        Debtor.

_____/

Case No. BK-N-11-50084-BTB
Chapter 11

**DECLARATION OF JAGMOHAN DHILLON IN SUPPORT OF MOTION FOR ORDER (1) AUTHORIZING USE OF CASH COLLATERAL; and (2) AUTHORIZING PAYMENT OF PRE-PETITION WAGES**

Hearing: First Day Motion

     I, JAGMOHAN DHILLON, hereby declare under penalty of perjury that the following assertions are true:

     1.    That I am the managing member of the Debtor, Elko Gold Mine, LLC.

     2.    I have personal knowledge of the facts set forth herein, and if called to testify would be competent to testify regarding the same.

     3.    The Debtor's property is a hotel operating under the name of Best Western Elko Inn. It is comprised of 108 rooms on approximately two acres located at 1930 Idaho Street, Elko, Nevada (the "Property").

     4.    The Property is subject to two secured liens, the first in favor of the City of Elko for real property taxes in the approximate amount of $135,683.00, and the second in the favor of Excel National Bank (the "Bank") in the amount of $4,955,409.00. Prior to the

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Elko Gold Mine\Decl Dhillon Mot Use CC pay wages 011811-lpb.wpd

1  commencement of the Chapter 11 case, the Debtor was in default in payments to the Bank.
2  Although I attempted to reach an agreement with the Bank, was unable to do so.

3       5.     Prior to filing this Chapter 11 petition, the Property suffered a decrease in room
4  occupancy, primarily in 2009, and continuing on through the early part of 2010.  In addition,
5  in 2009, the Bank had agreed to provide additional financing to pay off certain debts of the
6  Debtor, and to complete certain improvements on the Property.  The funding was never
7  completed, and it is my belief that the Bank breached its agreement to do so.

8       6.     Attached as Exhibit "A" to the Motion For Order (1) Authorizing Use Of Cash
9  Collateral; and (2) Authorizing Payment Of Pre-Petition Wages (the "Motion"), and attached
10 to this Declaration as well, is our projected budget for the next twelve months (the
11 "Budget").  The basis for this Budget is historical information and projected slight increase
12 in room occupancy, which seems to be consistent with recent operations.  I believe the items
13 in the Budget for the most part are self explanatory.  Professional legal fees refers to legal
14 expenses for chapter 11 counsel.  I realize that such request may be subject to Bank approval.
15 The management fee payable to Dhillon Management, LLC is compensation for payroll
16 preparation and supervision, federal and state tax returns and reports, payment of accounts
17 payable, collection of accounts receivable, supplies and freight, and oversight and
18 supervision of employees. Dhillon Management, LLC is owned by Jaspre Dhillon, and I am
19 the managing member.

20      7.     At the time of filing of the petition, we were in between payroll payment dates,
21 which are normally made on the Friday of every other week.  When the petition was filed on
22 Monday, January 10th, there had been 10 days of payroll earned by employees.  There are
23 currently 19 employees of the Property.  Attached to the Motion as Exhibit "B" is a list of
24 the employees, and the portion of the salaries that were earned pre-petition, which was
25 prepared under my supervision.  It is critical to the operation of the business to maintain the
26 continued services of its employees.  Failure to pay any of the pre-petition wage claims will
27 result in serious disruption of the business.
28 ///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Elko Gold Mine\Decl Dhillon Mot Use CC pay wages 011811-lpb.wpd   - 2 -

1    8.   The Property operates under a franchise agreement with Best Western 2 International ("BWI"). Prior to filing the chapter 11 case, the Debtor was in default under 3 the agreement. As a result of the default, BWI ceased booking customers for the Property. 4 BWI is required to provide such services as a part of its franchise agreement. BWI 5 demanded a certain payment in order to reinstate its booking services, which the Debtor was 6 unable to pay. It is critical for successful reorganization that the Debtor increase its room 7 occupancy as much as possible. The booking services through BWI are a significant source 8 for the Debtor's room occupancy.

9    DATED this 18th day of January, 2010.

_____
JAGMOHAN DHILLON

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elko Gold Mine\Decl Dhillon Mot Use CC pay wages 011811-lpb.wpd  - 3 -