FILED ELECTRONICALLY ON JANUARY 20, 2011

BERNARD D. BOLLINGER, JR. (CAL BAR NO.: 132817)
PAUL S. ARROW (CAL BAR NO.: 136870)[1]
ANGELLA YATES (CAL BAR NO.: 245045)
BUCHALTER NEMER
A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400
Email: bbollinger@buchalter.com
       parrow@buchalter.com
       ayates@buchalter.com

Attorneys for Creditor
Excel National Bank, a nationally chartered bank

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>ELKO GOLD MINE, LLC,<br><br>　　　　Debtor and Debtor In Possession. | Case No.　BK-N-11-50084-BTB<br><br>Chapter:　11<br><br>**CONDITIONAL OPPOSITION OF EXCEL NATIONAL BANK TO DEBTOR'S MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL**<br><br>Date:　January 21, 2011<br>Time:　9:30 a.m.<br>Place:　Bankruptcy Courtroom, First Floor<br>　　　　Clifton Young Federal Building<br>　　　　300 Booth Street<br>　　　　Reno, Nevada 89509 |

Excel National Bank ("Excel") submits this Conditional Opposition to the Motion For Order Authorizing Use Of Cash Collateral (the "Motion") filed by Elko Gold Mine, LLC, the debtor in possession in the above captioned case ("Debtor").

///

///

---

[1] Mr. Arrow and Ms. Yates will submit applications to appear in this matter *Pro Hac Vice* once Excel has secured local counsel.

BN 8061603v4                              1

**CONDITIONAL OPPOSITION TO DEBTOR'S MOTION FOR USE OF CASH COLLATERAL**

## I.
## INTRODUCTION

Debtor commenced its case on January 10, 2011, but did not file its cash collateral motion until 8 days later, on January 18.  Presumably, during that time and continuing to the present, Debtor has operated its business and used Excel's cash collateral without authorization.  Debtor's unauthorized use of cash has harmed Excel, and constitutes cause to dismiss Debtor's case.

Absent dismissal of the case, Excel does not oppose limited, conditional use of its cash collateral for an interim period prior to a hearing on the Motion on regular notice and opportunity to object.  Given that the emergency hearing on the Motion will take place on barely 42 hours notice, the Court must limit the amount of cash use authorized to only that amount of necessary to prevent immediate and irreparable harm to the estate during the interim period.  Debtor's proposed budget should be revised accordingly.  To provide Excel with at least some protection of its interest in the cash collateral, Excel should be granted replacement liens in all of Debtor's post petition assets, and an administrative priority claim to the extent the replacement liens are insufficient.  In addition, Debtor should provide Excel with the financial reporting described below, including a budget variance report comparing the actual amount of cash used during the interim period to the budgeted amount, as well an accounting of all cash used prior to the entry of an order permitting use of cash collateral.  Finally, Excel's consent to interim use of cash collateral is conditioned on its approval of the form and substance of any order authorizing interim use.

## II.
## DISCUSSION

Pursuant to Bankruptcy Code section 1122(b)(1), the court must dismiss (or convert) a case if cause is shown.  Debtor's presumed unauthorized use of cash collateral (which is harmful to Excel) is cause mandating dismissal of the case.  11 U.S.C. § 1112(a)(4)(D).  Accordingly, unless Debtor can prove that it has used no cash collateral following the inception of the case, the case should be dismissed.  If the Court does not dismiss the case out of hand, Excel will consent to the interim use of its cash collateral as described below.

Pursuant to Fed. R. Bankr. P. 4001(b)(2), the Court may commence a final hearing on a motion to use cash collateral on no less than 14 days notice. In addition, the court may conduct a preliminary hearing without 14 days notice. In that case, however, the Court "may authorize the use of only that amount of cash as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing." *Id*. Since Debtor seeks use of cash collateral on an emergency basis with significantly less than 14 days notice, the proposed budget must be scrubbed to provide only for the expenses that meet the statutory mandate.

In addition, Bankruptcy Code section 363(e) requires that the Court prohibit or condition the use of cash collateral as is necessary to provide Excel with adequate protection of its interest in the collateral. Bankruptcy Code section 361 provides a non-exclusive list of methods of adequately protecting Excel's interests. The list includes periodic cash payments (§ 361(1)), additional or replacement liens (§ 361(2)), and an administrative priority claim (§ 361(3)).

Consistent with sections 363 and 361, Debtor should provide the following to Excel by way of adequate protection:

1. Periodic payments of all net operating income.

2. First priority replacement liens on all of Debtor's postpetition assets to the extent of the diminution of Excel's interest in the cash collateral used. The replacement liens should be automatically perfected by an order approving interim use of cash collateral.

3. An administrative claim allowable under Bankruptcy Code section 503(b)(1) to the extent that any replacement liens prove to be insufficient to protect Excel's interest.

4. The following reporting:

   a. A budget variance report comparing the actual amount of cash used during the interim period to the budgeted amount.

   b. An accounting of all cash used prior to the entry of an order permitting use of cash collateral.

   c. All reporting and other information as required under the prepetition loan documents (the "Loan Agreement") and such other prepetition loan documents or

other agreements related thereto, which reporting shall include weekly accounts receivable and accounts payable aging reports, due each Friday.

    d. All documents and information submitted to or requested by the United States Trustee, all documents filed by Debtor with the Court, and upon the reasonable request of Lender, such other information pertaining to Debtor's operations, financial affairs, and the Collateral, including:

    (i) 2009 Tax Return and a current Personal Financial Statement[2] for Bawa Dhillon, guarantor under the Loan Agreement;

    (ii) 2009 Tax Return and a current Personal Financial Statement for Kamal Dhami, guarantor under the Loan Agreement;

    (iii) Debtor's 2009 tax return;

    (iv) Debtor's balance sheet and income statement as of 12/31/10;

    (v) Debtor's income statements for January 2010 through December 2010;

    (vi) Proof of the status of the Best Western franchise fees, i.e., whether Debtor is current or delinquent;

    (vii) Proof of outside vendor payment via receipts and/or a contract;  and

    (viii) Any information Debtor can provide regarding occupancy.

Dated: January 20, 2011    BUCHALTER NEMER
             A Professional Corporation

             By:/s/ Bernard D. Bollinger, Jr.
              BERNARD D. BOLLINGER, JR.
              PAUL S. ARROW
              ANGELLA D. YATES
              Attorneys for Creditor
              Excel National Bank

---

[2] Lender will provide Debtor with Lender's form of Personal Financial Statement for completion by both guarantors.

BN 8061603v4    4

# CERTIFICATE OF SERVICE

## ELKO GOLD MINE, LLC, Case No. BK-N-11-50084-BTB

1. On January 20, 2011, I served the following document(s):

**CONDITIONAL OPPOSITION OF EXCEL NATIONAL BANK TO DEBTOR'S MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL**

2. I served the above-named document(s) by the following means to the persons as listed below:

(Check all that apply)

☒ **a.    ECF System**

- A.J. KUNG    ajkung@ajkunglaw.com, bbrown@ajkunglaw.com;paralegal7@ajkunglaw.com;paralegal4@ajkunglaw.com;paralegal5@ajkunglaw.com;paralegal3@ajkunglaw.com;fileclerk@ajkunglaw.com;paralegal1@ajkunglaw.com

- ALAN R SMITH    mail@asmithlaw.com, turk@asmithlaw.com;marsh@asmithlaw.com

- U.S. TRUSTEE - RN - 11    USTPRegion17.RE.ECF@usdoj.gov

☐ **b.    United States mail, postage fully prepaid**

☐ **c.    Personal Service**

I personally delivered the document(s) to the person(s) at these address(es):

☐ For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.

☐ For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place with someone of suitable age and discretion residing there.

☐ **d.    By direct email (as opposed to through the ECF System)**

Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 8061603v4

5

**CONDITIONAL OPPOSITION TO DEBTOR'S MOTION FOR USE OF CASH COLLATERAL**

| | |
|---|---|
| ☐ | **e.    By Fax transmission** |

Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of fax transmission is attached.

| | |
|---|---|
| ☒ | **f.    By Messenger** |

I served the document(s) by providing them to a messenger for service on the persons at the addresses listed below.

Hon. Bruce T. Beesley
United States Bankruptcy Court
C. Clifton Young Federal Building
300 Booth Street, First Floor
Reno, NV 89509

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 20, 2011                              /s/ Sandra I. Alarcon
                                                            Signature

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 8061603v4                                 6

**CONDITIONAL OPPOSITION TO DEBTOR'S MOTION FOR USE OF CASH COLLATERAL**