ALAN R. SMITH, ESQ.
Nevada Bar No. 1449
Law Offices of Alan R. Smith
505 Ridge Street
Reno, Nevada  89501
Telephone (775) 786-4579
Facsimile (775) 786-3066
*Email: **mail@asmithlaw.com***

Co-Counsel for Debtor

AJ KUNG, ESQ.
Nevada Bar No. 7052
BRANDY BROWN, ESQ.
Nevada Bar No. 9987
Kung & Associates
214 S. Maryland Parkway
Las Vegas, Nevada 89101
Telephone: (702) 382-0883
Facsimile:  (702) 382-2720
Email: ajkung@ajkunglaw.com
Email: bbrown@ajkunglaw.com

Counsel for Debtor

*ELECTRONICALLY FILED*
*March 18, 2011*

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

—ooOoo—

In Re:

ELKO GOLD MINE, LLC,

Debtor.

_____/

Case No. BK-N-11-50084-BTB
Chapter 11

**MOTION TO APPROVE
ASSUMPTION OF
EXECUTORY CONTRACT**

Hearing Date:
Hearing Time:

Debtor, ELKO GOLD MINE, LLC, a Nevada limited liability company ("Debtor"), by and through its co-counsel, ALAN R. SMITH, ESQ., hereby moves this Court to approve assumption of its executory contract with BEST WESTERN INTERNATIONAL, INC. ("Best Western").  This motion is based upon the pleadings and papers on file in this case, the following points and authorities, and such other matters as my appear at any oral hearing

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elko Gold Mine\Mot Appr Exec Cntrct 031711-dlg.wpd

1 | hereon.

2 | **POINTS AND AUTHORITIES**

3 | 1.    **Facts.**

4 | The Debtor filed its Voluntary Petition under a Chapter 11 of the Bankruptcy Code

5 | on January 10, 2011.  The Debtor operates a motel located at 1930 Idaho Street, Elko,

6 | Nevada, 89801, known as the Best Western Elko Inn (the "Motel").  The Motel operates

7 | under a Membership Agreement with Best Western, and is advertised as a "Best Western"

8 | motel.  The Debtor is party to a Membership Agreement with Best Western, a copy of which

9 | is attached hereto as **Exhibit "A."**  The Membership Agreement also references Best

10 | Western's By-Laws, a copy of which is attached hereto as **Exhibit "B."**

11 | As of the date of filing the Debtor's Chapter 11 petition, the Debtor owed Best

12 | Western the sum of approximately One Hundred Six Thousand Five Hundred Fifty-Five

13 | Dollars and Four Cents ($106,555.04) for past due membership fees.  Membership fees are

14 | due monthly based upon occupancy rates of the Motel.

15 | A hearing was conducted on January 21, 2011, concerning the Debtor's Motion for

16 | Order (1) Authorizing Use of Cash Collateral; (2) Authorizing Payment of Pre-Petition

17 | Wages; and (3) Prohibiting the Termination of the Franchise Agreement [Doc. #13].

18 | Although an order has not yet been entered, this Court orally made certain rulings (the "Oral

19 | Rulings").  According to the Oral Rulings, the Debtor was to pay the sum of $9,500.00 at

20 | which time the booking reservation system would be reinstated.  Debtor paid the sum of

21 | $9,500.00 on February 16, 2011 (*See* Declaration of Jagmohan Dhillon filed in connection

22 | herewith (the "Dhillon Declaration").  Despite such payment, the reservation system was not

23 | reinstated by Best Western until March 11, 2011.  Furthermore, under the Oral Rulings the

24 | Debtor was to make the regular payment under the Membership Agreement on March 5,

25 | 2011.  The Debtor made such payment in the amount of $10,227.47 on March 3, 2011.  The

26 | Debtor also made a payment of $10,227.47 on February 18, 2011 for January dues.  The Oral

27 | Rulings also provided that the Debtor would file a motion to assume or reject the

28 | Membership Agreement on or before February 28, 2011.  At the time of the January 21st

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elko Gold Mine\Mot Appr Exec Cntrct 031711-dlg.wpd

- 2 -

1   hearing, Debtor's counsel understood that it was the obligation of Best Western to file a

2   motion to reject the lease, and not the Debtor's obligation.   By reason of counsel's

3   misunderstanding of this Court's Order, the motion was not timely filed.  In connection with

4   this motion, Debtor will file a motion to reconsider the Oral Rulings (and the resulting

5   Order).

6       **2.      Relief Sought.**

7       The Debtor seeks an order allowing assumption of the Membership Agreement.  The

8   Membership Agreement is integral to the successful reorganization of the Debtor.   The

9   Debtor expended the sum of approximately $2,100,000.00 in renovating its motel in order

10  to comply with the requirements of Best Western. *See* Dhillon Declaration.  It is unlikely

11  that the Debtor could reorganize if it lost the Membership Agreement with Best Western.

12  *See* Dhillon Declaration.  Payments on account of the Membership Agreement are in the

13  range of $10,000.00 to $13,000.00 per month (the cash collateral budget provides for a

14  franchise payment of $14,200.00).  The Debtor seeks to assume the executory contract by

15  making the regular payment due thereunder and curing the arrearage by making an equal

16  monthly payment, including interest, over a period of twenty-four (24) months, or such

17  shorter period as the Court may order.

18      **3.      Legal Basis for Relief Sought.**

19      Pursuant to 11 U.S.C. § 365(a), subject to the remaining provisions of Section 365,

20  a Debtor may assume any executory contract subject to the court's approval.  Pursuant to 11

21  U.S.C. § 365(b)(1)(A), an executory contract may not be assumed by the debtor-in-

22  possession unless the debtor "cures, or provides adequate assurance that the trustee [debtor]

23  will promptly cure, such default. . .."  In addition, the debtor must compensate any non-

24  debtor party to the contract for any actual pecuniary loss to such party resulting from the

25  default. 11 U.S.C. § 365(b)(1)(B).  Finally, the debtor must provide "adequate assurance of

26  future performance under such contract or lease."  11 U.S.C. § 365(b)(1)(C).

27      The issue of whether a cure is "prompt" depends upon the circumstances of the case.

28  For example, a cure period of two years on a two year lease may not be prompt, but may well

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elko Gold Mine\Mot Appr Exec Cntrct 031711-dlg.wpd            - 3 -

1    be prompt for a ten year lease.  As stated in *In re Coors of Mississippi, Inc.*, 27 B.R. 918, 922

2    (Bankr. N.D. Miss. 1983)

3       In short the issue as to prompt cure devolves on the question of
     whether or not, under the totality of circumstances in this case,

4    a cure effectuated within three years would be prompt within the
     meaning of the statute.  This court regards as persuasive on this

5    point the legal principles recited as dicta in the case of *In re
     Berkshire Chemical Haulers, Inc.*, Volume 6 Collier Bankruptcy

6    Cases, 2d Series 843 at page 847; <u>20 B.R. 454 at page 458</u>; <u>9
     B.C.D. 230 at page 232</u>, decided by the Bankruptcy Court for

7    the District for Massachusetts on May 28, 1982.  The opinion
     provides, in pertinent part, as follows:

8
     "The Bankruptcy Codes speaks of 'prompt cure' or 'adequate
9    assurance of a prompt cure.  'In at least one case, prompt cure
     meant an immediate payment. *In re Lafayette Radio Electronics*

10   *Corp.*, <u>[4 C.B.C. 2d 220] 9 B.R. 993 (Bktcy. E.D.N.Y. 1981)</u>.
     However, what is a prompt [**11] cure can often vary according

11   to the circumstances of a given case. I therefore would disagree
     with the holding of <u>General Motors Acceptance Corp. Vs.</u>

12   <u>Lawrence</u>, 11 B.R. 44, 45 (Bktcy. N.D.Ga. 1981), where the
     Court felt it unlikely that a period of time in excess of one year

13   would ever be considered a 'prompt cure.'  For instance, a
     debtor with 90 years remaining on a 99 year lease, who proposes

14   to cure its arrearage by monthly payments over an 18 month
     period, might be found to have offered adequate assurance of a

15   *prompt cure*.  On the other hand, where in this case the debtor's
     offer to cure its lease default over the next 18 months

16   contemplates the final payment being made contemporaneously
     with the expiration of the lease term, I cannot say that any Court,

17   under any circumstances, would find that such a proposal
     qualifies as a 'prompt' cure under <u>section 365(b)(1)</u>."

18
     . . .So measured, particularly in view of the many years of
19   successful operation of each proposed assignee's business
     enterprise up to this time, the curing of the default within a

20   period of three years may well be a comparatively short period
     of time as it relates to the prospective longevity of successful

21   business operation.

22   It is submitted that in the present case, a twenty-four month cure period is reasonable, since

23   the parties anticipated long-term operation of the motel as a Best Western member.

24     Adequate assurance of a prompt cure requires that there be a firm commitment to

25   make all payments and at least a reasonable demonstrable capability to do so.  <u>In re Embers</u>

26   <u>86th Street, Inc., 184 B.R. 892 (Bankr. S.D. N.Y. 1995)</u>; <u>In re R.H. Neil, Inc., 58 B.R. 969,</u>

27   <u>971 (Bankr. S.D. N.Y. 1986</u>; <u>Matter of World Skating Center, Inc., 100 B.R. 147, 148-149</u>

28   <u>(Bankr. D.Conn. 1989)</u> (adequate assurance requires a foundation that is not speculative and

1  sufficiently substantive so as to assure the landlord that it will receive the amount of the
2  default).

3      In order to assume an executory contract, the debtor must also provide adequate
4  assurance of future performance of the contract. To determine whether a debtor has provided
5  adequate assurance, a court must look at the facts and circumstances of each case. *In re F.*
6  *Fine Lumber Co., Inc.* 383 B.R. at 572. A debtor in possession need not prove that it will
7  "thrive or make a profit," *In re Natco Indus., Inc.* 54 B.R. 436 (Bankr. S.D.N.Y. 1985), or
8  provide "an absolute guarantee of performance." *In re M. Fine Lumber Co., Inc.,* 383 B.R.
9  at 573. The only assurances the debtor in possession need give is that the payment will be
10 paid and that the other contract obligations will be met. Id.; *In re Burger Boys, Inc.,* 94 F.3d
11 755 (2d Cir. 1996) (finding a debtor is not required to be current in its past-due lease
12 obligations before the bankruptcy court can authorize assumption of the lease). There is no
13 requirement that the Debtor have filed a plan prior to assumption.

14     In the present case, the Debtor is currently preparing its disclosure statement and plan
15 of reorganization, which will be filed by April 10th (this is a single asset real estate case). In
16 connection with the plan and disclosure statement, the Debtor is preparing projections of its
17 future operations. The Debtor intends to supplement this motion with initial projections of
18 operations. However payment terms of the Debtor's obligations will likely not be determined
19 until plan confirmation. Accordingly, the Debtor requests that the final consideration of
20 assumption of this executory contract occur at plan confirmation, at which time the cash
21 available for cure of the executory contract can be more accurately determined. It is not
22 unusual for a debtor to seek an extension of time in which to assume a lease. Under the
23 Bankruptcy Code, the debtor may assume an executory contract of this type at any time up
24 to plan confirmation. Debtor requests an order allowing interim assumption of the executory
25 contract, provided regular monthly payments are made as required, and an additional monthly
26 sum of $4,300.00 is paid towards the cure (the approximate sum necessary to cure the
27 delinquent payments in twenty-four (24) months), with the final assumption hearing occuring
28 at plan confirmation. The additional cure sum ($4,300.00) is not included in the cash

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Elko Gold Mine\Mot Appr Exec Cntrct 031711-dlg.wpd

- 5 -

1  collateral budget, and would require approval of Excel Bank.

2  **4.**    **Conclusion.**

3  Debtor requests an order conditionally approving assumption of the Membership

4  Agreement provided the Debtor pays the regular membership dues, and an additional

5  monthly sum of $4,500.00. Debtor further requests that final consideration of assumption

6  of the lease occur at the time of plan confirmation.

7  Dated this 18th day of March, 2011.

8  LAW OFFICES OF ALAN R. SMITH

9  By:_____/s/ Alan R. Smith_____

10  ALAN R. SMITH, ESQ.
   Co-Counsel for Debtor

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elko Gold Mine\Mot Appr Exec Cntrct 031711-dlg.wpd          - 6 -