John White, Esq., SB #1741  
WHITE LAW CHARTERED  
335 West First Street  
Reno, NV 89503  
775-322-8000  
775-322-1228 (Fax)  
john@whitelawchartered.com  
Proposed Counsel to the Official  
Committee of Unsecured Creditors  

E-filed on March 23, 2011

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | CASE NO.: BK-N-11-50084-btb |
| ELKO GOLD MINE | Chapter 11 |
| | AFFIDAVIT OF JOHN WHITE IN SUPPORT OF THE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 1103(a) OF THE BANKRUPTCY CODE AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF WHITE LAW CHARTERED AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS |
| Debtor.                                   / | Hearing Date: (Negative Notice, 21 days) |

John White, being duly sworn, deposes and says as follows:

1. I am the shareholder of the law firm of White Law Chartered ("WLC"). My office address is White Law Chartered, 335 West First Street, Reno, Nevada 89503. I am authorized to make this Affidavit (the "White Affidavit") on behalf of WLC. This Affidavit is submitted pursuant to Fed. R. Bankr. Pro. 2014(a) in support of the Application of the Official Committee

WHITE LAW  
CHARTERED  
LAWYERS  
0TH CENTURY BLDG.  
135 W. FIRST STREET  
RENO, NV 89503  

T (775) 322-8000  
F (775) 322-1228  

1

of Unsecured Creditors for an Order Pursuant to 11 U.S.C. §§ 101 et.seq. of the Bankruptcy Code Authorizing and Approving the Employment and Retention of WLC as Counsel for the Official Committee of Unsecured Creditors, *Nunc Pro Tunc*, as of March 4, 2011 (the "Application").

2. The Application is being submitted on Negative Notice pursuant to Local Rules 9014.1 and 9021. Your affiant will supply a Supplemental Affidavit concerning whether objection to the Application is made, prior to submitting an order approving Application. Due to time considerations, your affiant in the interim will sign any pleadings submitted on behalf of the Committee as "Proposed Counsel" for the Committee.

## Disinterestedness of Professionals

3. Based on the conflict searches conducted to date and described herein, to the best of my knowledge, neither I, WLC nor any partner or associate thereof, insofar as I have been able to ascertain, has any connection with the above-captioned debtors (the "Debtor"), its creditors or any parties-in-interest, its respective attorneys and accountants, the United States Trustee or any person employed in the Office of the United States Trustee, except as disclosed or otherwise described herein. Accordingly, WLC does not hold or represent an "interest adverse" in connection with these chapter 11 cases as prescribed by section 1103(b) of the Bankruptcy Code, and is a "disinterested person" as defined by section 101(14) of the Bankruptcy Code.

4. The Committee seeks to employ WLC to represent and assist it in the Debtor's bankruptcy case. WLC is familiar with the legal issues that may arise in the context of this chapter 11 case and is prepared to serve the Committee in that regard.

5. WLC or its and associates may have in the past represented, may currently represent, and likely in the future will represent parties-in-interest in this chapter 11 case in connection with unrelated matters. In the preparation of this Affidavit, WLC has searched its databases for

its connections to various entities that are significant parties-in-interest in this chapter 11 case. WLC will update this Affidavit as and when necessary and when WLC is aware of new or additional material information. The individuals and entities ("Potential Parties") for which WLC has conducted a search are:

i.   The Debtor;

ii.  Disclosed affiliates of the Debtor, and Debtor's lender and other parties-in-interest; and

iii. the Debtor's largest unsecured creditors.

In addition, affiant has reviewed the list of general unsecured creditors and does not recognize any of them as being clients of WLC.

6. WLC discloses that it has represented, currently represents and/or may represent in the future various past, present or future ordinary course trade creditors and/or service providers of the Debtor, but, except as disclosed in paragraph 5 above, all such representations are in connection with matters wholly unrelated to the Debtor and this chapter 11 case.

7. WLC will not during the pendency of this case represent any of the Potential Parties, or any of their affiliates or subsidiaries, in matters related to this chapter 11 case. Except as so indicated, WLC will not represent any other client in matters related to this chapter 11 case during the pendency of this case. WLC will periodically review its files during the pendency of this case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, WLC will use reasonable efforts to identify such further developments and promptly will file a supplement statement pursuant to Bankruptcy Rule 2014(a).

8. None of the connections or representations described above are materially adverse to the interests of the Committee or the unsecured creditors of the Debtor's estate. Moreover, pursuant to section 1103(b) of the Bankruptcy Code, WLC is not disqualified from acting as the

Committee's counsel merely because it may represent certain creditors in unrelated matters.

### Service to be Rendered

9. The Committee has requested that WLC render legal services in connection with these chapter 11 cases, including, without limitation, the following services:

    (a)   advise the Committee with respect to its powers and duties under section 1103 of the Bankruptcy Code;

    (b)   take all necessary action to preserve, protect and maximize the value of the Debtor's unsecured creditors, including but not limited to, investigating the acts, conduct, assets, liabilities, and financial condition of the Debtor, the operation of the Debtor's business and the desirability of the continuance of such business, and any other matter relevant to this case or to the formulation of a plan;

    (c)   prepare on behalf of the Committee motions, applications, answers, orders, reports and papers that may be necessary to preserve and further the Committee's interests in this chapter 11 case;

    (d)   participate in the formulation of a plan as may be in the bests interests of general unsecured creditors of the Debtor's estate;

    (e)   represent the Committee's interests with respect to the Debtor's efforts to obtain post petition secured financing;

    (f)   advise the Committee in connection with any potential sale of assets;

    (g)   appear before this Court, any appellate courts, and protect the interests of the Committee and the value of the Debtor's estate before such courts;

    (h)   consult with the Debtor's counsel and counsel for its secured lender on behalf of the Committee regarding tax, intellectual property, labor and employment, real estate, corporate, ligation matters, and general business operational issues; and

    (i)   perform all other necessary legal services and provide all other necessary legal advice to the Committee in connection with this chapter 11 case.

    *provided however,* that the Committee has been informed that WLC is to be paid from the Debtor's estate rather than by the Committee members and has authorized WLC to limit its representation of the Committee to the extent necessary to insure that it is not incurring fees and expenses which the Debtor may be unable to pay.

10. Subject to Court approval under section 330(a) of the Bankruptcy Code,

compensation will be payable to WLC on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the WLC. The hourly rates charged by WLC are consistent with the rates charged by the WLC in comparable non-bankruptcy matters and are subject to periodic adjustments to reflect economic and other conditions.

11.　　WLC's hourly rates are set at a level designed to fairly compensate the WLC for the work of its attorneys and paralegals and to cover fixed and routine overheard expenses. Hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted by WLC from time to time. Current customary hourly rates of WLC for the individual expected to participate in these cases is $300.00 for attorney John White and $75.00 for paralegal Mary Hernandez. It is the policy of WLC to charge its clients in all areas of practice for all expenses incurred in connection with a client's case. The expenses routinely charged to clients include, among other things, photocopying, witness fees, travel expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for working meals and facsimile charges. WLC will charge the Committee for these expenses in a manner and at rates consistent with charges made generally to its other clients.

12.　　No promises have been received by the WLC or by any partner or associate thereof as to compensation in connection with this case other than in accordance with the provisions of

///

///

///

WHITE LAW CHARTERED
LAWYERS
20TH CENTURY BLDG.
335 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

the Bankruptcy Code. The WLC has no agreement with any other entity to share with such entity any compensation received by WLC in connection with this chapter 11 case.

Dated: _March 23_, 2011.

                                                         JOHN WHITE, ESQ.

STATE OF NEVADA              )
                                        ) ss:
COUNTY OF WASHOE)       )

Subscribed and to sworn before me this 23rd day of _March_, 2011.

_Carolyn Mortensen_
Notary Public

CAROLYN MORTENSEN
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 08-5945-2 • Expires February 11, 2012

WHITE LAW
CHARTERED
LAWYERS
TH CENTURY BLDG
5 W FIRST STREET
RENO, NV 89503

(775) 322-8000
(775) 322-1228

6