1  ALAN R. SMITH, ESQ.
   Nevada Bar No. 1449
2  Law Offices of Alan R. Smith
   505 Ridge Street
3  Reno, Nevada 89501
   Telephone (775) 786-4579
4  Facsimile (775) 786-3066
   **E-mail: mail@asmithlaw.com**
5
   Co-Counsel for Debtor
6
7  AJ KUNG, ESQ.
   Nevada Bar No. 7052
8  BRANDY BROWN, ESQ.
   Nevada Bar No. 9987
9  Kung & Associates
   214 S. Maryland Parkway
10 Las Vegas, Nevada 89101
   Telephone: (702) 382-0883
11 Facsimile: (702) 382-2720
   Email: ajkung@ajkunglaw.com
12 Email: bbrown@ajkunglaw.com

13 Counsel for Debtor

14

15              UNITED STATES BANKRUPTCY COURT

16                    DISTRICT OF NEVADA

17                        —ooOoo—

18 In Re:                          Case No. BK-N-11-50084-BTB
                                   Chapter 11
19 ELKO GOLD MINE, LLC,
                                   **JOINT APPLICATION TO EMPLOY**
20              Debtor.            **ATTORNEYS FOR DEBTOR**

21                                 Hearing Date: May 18, 2011
                                   Hearing Time: 10:00 a.m.
22 _____/

23        Debtor, ELKO GOLD MINE, LLC, a Nevada limited liability company, hereby

24 applies to this Court for an Order appointing the Law Offices of Alan R. Smith and the law

25 firm of Kung & Associates as its attorneys of record, and respectfully represents:

26        1.      Debtor ELKO GOLD MINE, LLC (hereinafter "Debtor") filed its voluntary

27 petition under Chapter 11 of the United States Bankruptcy Code on January 20, 2011. The

28 Debtor owns commercial real estate in Elko, Nevada consisting of a Best Western Hotel.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Elko Gold Mine\Employ\Jt App Empl ARS & Kung 032311-dlg.wpd

2.      No trustee has been appointed and Debtor is currently operating as a debtor-in-possession.  Debtor is not sufficiently familiar with the rights and duties of a debtor-in-possession as to be able to plan and conduct proceedings without the aid of competent counsel.

3.      Debtor has made careful and diligent inquiry into the qualifications and competence of the Law Offices of Alan R. Smith ("Smith") and Kung and Associates (jointly referred to as "Applicants"), and is advised that such attorneys are admitted to practice in this Court and by reason of their ability, integrity and professional experience, are capable of providing proper legal counsel to Debtor.

4.      Applicants do not hold or represent an interest adverse to the estate and the members thereof are disinterested persons as that phrase is defined in Section 101(14) of the Bankruptcy Code.  Such employment is necessary and in the best interests of the Debtor and its estate.

5.      Except as set forth herein in paragraph 6 below, to the best of Debtor's knowledge, the members of Applicants have no connection with the Debtor, any of its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

6.      Kung & Associates (Debtor's counsel) also represents Dhillon Properties, LLC, Case No. 09-54640, a currently pending Chapter 11 case (the "Dhillon Case").  Smith also seeks to be employed in the Dhillon Case.  Dhillon Properties, LLC is owned by Bawa Dhillon 90% and Jospreet Dhillon 10%.  Elko Gold Mine is owned 50% by Jagmohon Dhillon.  Bawa Dhillon and Jospreet Dhillon are cousins of Jagmohon Dhillon.

7.      Debtor has engaged the services of Applicants as its attorneys to commence the Chapter 11 bankruptcy proceeding, and has engaged such services subject to the approval of this Court.  The Debtor believes that the employment of Applicants is in the best interest of its estate and should be retained, pursuant to Section 327 of the United States Bankruptcy Code.  Said counsel will provide specific legal services to the Debtor in its role as counsel, including the following:

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elko Gold Mine\Employ\Jt App Empl ARS & Kung 032311-dlg.wpd    - 2 -

1        a.     Render legal advice with respect to the powers and duties of the debtor

2              that continue to operate its business and manage its properties as debtor

3              in possession;

4        b.     Negotiate, prepare and file a plan or plans of reorganization and

5              disclosure statements in connection with such plans, and otherwise

6              promote the financial rehabilitation of the Debtor;

7        c.     Take all necessary action to protect and preserve the Debtor's estate,

8              including the prosecution of actions on the Debtor's behalf, the defense

9              of any actions commenced against the Debtor, negotiations concerning

10            all litigation in which the Debtor is or will become involved, and the

11            evaluation and objection to claims filed against the estate;

12      d.     Prepare, on behalf of the Debtor, all necessary applications, motions,

13            answers, orders, reports and papers in connection with the

14            administration of the Debtor's estate, and appear on behalf of the

15            Debtor at all Court hearings in connection with the Debtor's case;

16      e.     Render legal advice and perform general legal services in connection

17            with the foregoing; and

18      f.      Perform all other necessary legal services in connection with this

19            chapter 11 case.

20 As set forth in the Attorney Fee Agreement attached hereto as **Exhibit "A"**, the Debtor has

21 agreed that Applicant Smith shall be compensated for services at the following rates:  Alan

22 R. Smith, Esq. - $450.00 per hour, and paraprofessional services as follows:  Peggy L. Turk -

23 $205.00, Merrilyn Marsh, ACP - $205.00, and other paraprofessional services at $75.00-

24 $105.00 per hour, which are the customary rates charged by said firm. The contract attorney

25 used by Debtor's counsel is John J. Gezelin.  Mr. Gezelin is the uncle of Paul Kinne who is

26 married to Kristine Kinne, the Bankruptcy Analyst for the U.S. Trustee's office in this matter.

27 As set forth in the Attorney Fee Agreement attached hereto as **Exhibit "B"**, the Debtor has

28 agreed that Kung & Associates shall be compensated for services at the following rates:

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elko Gold Mine\Employ\Jt App Empl ARS & Kung 032311-dlg.wpd   - 3 -

1    $350.00 for attorney's services and $85.00 for paralegal services.  The hourly rates now

2    being charged are subject to periodic adjustments to reflect economic and other conditions,

3    and, on occasion, to reflect the firm members' increased experience and expertise.

4         8.    Prior to filing the Petition herein, the Debtor paid the Law Offices of Alan R.

5    Smith an advance retainer of $20,000.00, and to Kung & Associates an advance retainer of

6    $9,990.00.

7         9.    The Law Offices of Alan R. Smith has not been retained for pre-petition

8    services other than pre-bankruptcy and bankruptcy-related services.

9         10.   Kung & Associates represented the Debtor pre-petition for certain corporate

10   related services, for which it was timely paid in the ordinary course of business.

11        11.   Smith and Kung & Associates have agreed to divide the tasks associated with

12   this Chapter 11 case, and to avoid any duplication. Both firms intend to cooperate to promote

13   efficiency and economize costs and expenses.

14        WHEREFORE, Debtor prays that the employment of the Law Offices of Alan R.

15   Smith and Kung & Associates, as co-counsel for the Debtor herein, be authorized, that said

16   firms be compensated at reasonable rates as approved by the Court upon future application,

17   and that it have such other relief as is just.

18        **DATED** this 24th day of March, 2011.

19                                LAW OFFICES OF ALAN R. SMITH

20                                By:_____/s/ Alan R. Smith_____
                                       ALAN R. SMITH, ESQ.
21                                     Attorney for Debtor

22

23

24

25

26

27

28

## CONSENT TO EMPLOYMENT OF ATTORNEY

I, JAGMOHAN DHILLON, the Managing Member of ELKO GOLD MINE, LLC, have read the foregoing Application to Employ Attorneys, and consent to the employment of Alan R. Smith, Esq. and Kung & Associates on the terms and conditions set forth in the corresponding Fee Agreements.

**DATED** this 10th day of February, 2011.

ELKO GOLD MINE, LLC
a Nevada limited liability company
By: SEE FAXED SIGNATURE PAGE ATTACHED
Jagmohan Dhillon, Managing Member

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elko Gold Mine\Employ\Jnt App Empl ARS & Kung 021811-dlg.wpd  - 5 -

1  <u>CONSENT TO EMPLOYMENT OF ATTORNEY</u>

2     I, JAGMOHAN DHILLON, the Managing Member of ELKO GOLD MINE, LLC,

3  have read the foregoing Application to Employ Attorneys, and consent to the employment

4  of Alan R. Smith, Esq. and Kung & Associates on the terms and conditions set forth in the

5  corresponding Fee Agreements.

6     **DATED** this _10_ day of February, 2011.

7                                ELKO GOLD MINE, LLC
                                a Nevada limited liability company
8
                                By: _____
9                                    Jagmohan Dhillon, Managing Member

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VERIFIED DECLARATION OF ATTORNEY

I, ALAN R. SMITH, ESQ., declare under penalty of perjury that the assertions of this statement are true.

1. That Declarant is an attorney at law licensed to practice in the above-entitled Court, and a member of the Law Offices of Alan R. Smith, which firm Debtor is seeking to employ to represent it in the above-entitled Chapter 11 case.

2. That to the best of Declarant's knowledge and belief, the Law Offices of Alan R. Smith does not hold or represent an interest adverse to the Debtor's estate and he is a disinterested person as that term is defined in Section 101(14) of the Bankruptcy Code in that Alan R. Smith:

    a.    Is not a creditor, equity security holder or insider of the Debtor(s);

    b.    Is not and was not investment bankers for any outstanding security of the Debtor(s);

    c.    Has not been, within three (3) years before the date of the filing of the Debtor's Chapter 11 petition (i) investment bankers for a security of the Debtor, or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of a security of the Debtor;

    d.    Is not and was not, within two (2) years before the date of the filing of the Debtor's Chapter 11 petition, a director, officer, or employee of the Debtor or of any investment banker as specified in subparagraph (b) or (c) of this paragraph; and

    e.    Does not have an interest materially adverse to the interest of the estate or any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker specified in the subparagraph (b) or (c) of this paragraph.

3. That to the best of Declarant's knowledge and belief, the Law Offices of Alan R. Smith has no other connection with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

**DATED** this 24th day of March, 2011.

                                              /s/   Alan R. Smith
                                            ALAN R. SMITH

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elko Gold Mine\Employ\Jt App Empl ARS & Kung 032311-dlg.wpd   - 6 -

1

### VERIFIED DECLARATION OF ATTORNEY

2       I, BRANDY BROWN, ESQ., declare under penalty of perjury that the assertions of

3  this statement are true.

4       1.     That Declarant is an attorney at law licensed to practice in the above-entitled

5  Court, and a member of Kung & Associates, which firm Debtor is seeking to employ to

6  represent it in the above-entitled Chapter 11 case.

7       2.     That to the best of Declarant's knowledge and belief, Kung & Associates does

8  not hold or represent an interest adverse to the Debtor's estate and is a disinterested person

9  as that term is defined in Section 101(14) of the Bankruptcy Code in that Kung & Associates:

10       a.     Is not a creditor, equity security holder or insider of the Debtor(s);

11       b.     Is not and was not investment bankers for any outstanding security of
12                     the Debtor(s);

13       c.     Has not been, within three (3) years before the date of the filing of the
Debtor's Chapter 11 petition (i) investment bankers for a security of the
Debtor, or (ii) an attorney for such an investment banker in connection
14                     with the offer, sale, or issuance of a security of the Debtor;

15       d.     Is not and was not, within two (2) years before the date of the filing of
the Debtor's Chapter 11 petition, a director, officer, or employee of the
16                     Debtor or of any investment banker as specified in subparagraph (b) or
17                     (c) of this paragraph; and

18       e.     Does not have an interest materially adverse to the interest of the estate
or any class of creditors or equity security holders, by reason of any
19                     direct or indirect relationship to, connection with, or interest in, the
Debtor or an investment banker specified in the subparagraph (b) or (c)
20                     of this paragraph.

21       3.     That to the best of Declarant's knowledge and belief, Kung & Associates has

22  no other connection with the Debtor, its creditors, any other party in interest, their respective

23  attorneys and accountants, the United States Trustee, or any person employed in the office

24  of the United States Trustee.

25       **DATED** this 24th day of March, 2011.

26                                          */s/ Brandy Brown*
                                        BRANDY BROWN

27

28

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Elko Gold Mine\Employ\Jt App Empl ARS & Kung 032311-dlg.wpd    - 7 -

1 | REVIEWED:  [Re: ELKO GOLD MINE, LLC]

2

3 | Attorney for Acting United States Trustee
4 | August B. Landis

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit "A"

# ATTORNEY FEE AGREEMENT
(Chapter 11)

THIS AGREEMENT is made effective this 5th day of January, 2011, by and between

Name:        **ELKO GOLD MINE, a Nevada Limited Liability Company**

Address:     **3400 Parkwood Blvd., Frisco, TX 75034**

(referred to herein as "Client") and the Law Offices of Alan R. Smith (referred to herein as "Attorney").

    1.    Services To Be Provided By Attorney.

        Client hereby engages Attorney to provide all legal services reasonably required to represent Client in connection with Client's reorganization case under Chapter 11 of the Bankruptcy Code (hereinafter the "Matter"). Such services shall include services as necessary in Attorney's discretion, including, if applicable: consultation, pre-petition planning, and preparation of the initial petition, preparation of schedules and statements, defense of motions for relief from stay, preparation of a plan of reorganization and a disclosure statement, assisting in the implementation of a confirmed plan, and such other matters as may be necessary in order to effectively reorganize and to comply with the requirements of the Bankruptcy Code. In order to enable Attorney to effectively render these services, Client shall be truthful with Attorney in discussing the Matter and shall keep Attorney apprized of all developments regarding the Matter. The Client shall specifically advise Attorney immediately if Client is unable to pay ongoing expenses for operation of its business post-petition, particularly including (without limitation) payment of Internal Revenue Service employee income and withholding taxes or any other applicable taxes, rent or mortgage payments and other secured debt(s), lease obligations, salaries, purchase of

or mortgage payments and other secured debt(s), lease obligations, salaries, purchase of necessary goods, and payment of necessary services. The Client shall otherwise cooperate with Attorney in the Matter and shall be reasonably available to attend meetings, court appearances, or other proceedings in connection with the Matter. Client hereby acknowledges that Attorney is not Client's general counsel and that acceptance of this engagement by Attorney does not involve representation of Client or Client's business interests in any matter other than the subject reorganization case.

2.    Fees.

a.    As compensation for the services to be performed by Attorney pursuant to Section 1 above, Client agrees to pay fees to Attorney at the basic hourly rate set forth on the Schedule, subject to periodic changes as provided herein and subject to adjustment as provided by Section 2(b) below. The basic hourly rates set forth in the Schedule are subject to periodic adjustments to reflect economic and other conditions, and, on occasion, to reflect the firm member's increased experience and expertise. The Attorney shall give Client thirty (30) days' notice of any such change, and Client shall be presumed to have agreed to the new basic hourly rates if Client does not advise Attorney in writing within thirty days following receipt of the notice.

b.    Time for legal personnel is charged in the minimum increments of one-tenth (1/10th) of an hour, except as may be otherwise noted on the Schedule with respect to a specific task.

c.    The time billed to Client by Attorney may include, without limitation, time spent waiting in court, time spent in travel, and time spent in office conferences between or among the legal personnel assigned to the Matter and time spent in strategizing the case.

When such personnel engage in office conferences, each person will charge for his or her time expended.  Likewise, if more than one of the Attorney's legal personnel attends a meeting, court hearing or other proceeding, each will charge for his or her time.  Attorney shall assign legal personnel to the Matter solely in Attorney's judgment.

        d.    Client hereby acknowledges that although Attorney may, from time to time for Client's convenience, furnish Client with estimates of the amounts of fees which Attorney anticipates will be charged with respect to services to be performed under this Agreement, Attorney is not obligated to do so, and such estimates are by their nature inexact and are not binding on either Attorney or Client.

        3.    <u>Costs and Expenses</u>.

        Client agrees to pay Attorney, in accordance with this Section 3, all costs and expenses incurred in performing legal services in connection with the Matter.  Such costs and expenses may include, without limitation, long distance telephone or conference calls; messenger and other delivery fees; facsimile charges; postage; court docket services (i.e., PACER); client-specific office supplies and materials; charges for computer research and data retrieval and outside assisted legal research; travel expenses such as mileage, parking, air fare, meals and hotel accommodations (travel charges shall be in addition to the hourly rates for travel time); photocopying and other reproduction charges; clerical staff overtime; overtime charges for word processing services; charges for computer time; process service fees; filing fees and other charges assessed by courts and other public agencies; court reporter fees; jury fees; witness fees; investigator fees; expert fees or consultant fees; and similar items.  Except as may be listed on the Schedule, all such items will be charged to Client as Attorney's costs and the Attorney shall be reimbursed therefor.

4.    <u>Retainer / Funds In Trust</u>.

Client hereby agrees to pay, upon execution of this Agreement, a retainer in the amount as indicated on the attached schedule (the "Schedule"), which shall be placed in a trust account (the "Retainer"). This Agreement shall not become effective until Attorney receives such retainer. The Retainer shall be held in trust for Attorney, which shall be considered a retaining trust in accordance with Nevada law. All fees earned pre-petition shall be immediately paid from the Retainer. All post-petition fees shall be subject to approval of the Bankruptcy Court in accordance with 11 U.S.C. § 330. Disbursements shall be immediately made from Retainer to pay post-petition fees as approved by the Bankruptcy Court. Additional deposits to the retainer may be made by client post-petition subject to notice as required by Fed.R.Bankr.P. 2016, and such other order of the Bankruptcy Court as may be required. After satisfaction of any invoices that are outstanding at the conclusion of the representation, any unused portion of the Retainer shall be refunded to Client, unless otherwise required by the Bankruptcy Court or Bankruptcy Code.

5.    <u>Billings</u>.

Attorney will send Client an invoice for fees and costs incurred on a monthly basis. Attorney's invoices shall clearly state the basis thereof, including a description of the services, amount of time spent for the service, and rate and basis for calculation of Attorney's fees. Client agrees to pay Attorney at the normal hourly rates for any time spent by Attorney in attempting to collect unpaid fees and costs owed by Client. A $25.00 administrative fee shall be assessed on all checks returned by Client's bank for any reason as well as all bank charges assessed in connection therewith.

6. <u>Disclaimer</u>.

Attorney has made no promises or guarantees to Client concerning the outcome of the Matter, and nothing in this Agreement shall be construed as such a promise or guarantee.

7. <u>Termination of Service</u>.

a. Client shall have the right at any time to terminate Attorney's services upon written notice to Attorney, and Attorney shall immediately after receiving such notice cease to render additional services. Such termination shall not, however, relieve Client of the obligation to pay the fees due for services rendered and costs incurred prior to such termination.

b. If Client fails to meet any of Client's obligations under this Agreement, Attorney shall have the right to terminate this Agreement, and Client shall take all steps necessary to free Attorney of any obligation to perform further, including, without limitation, the execution of any documents necessary to complete Attorney's discharge or withdrawal. The right of Attorney hereunder is in addition to those created by statute or recognized by rules of professional conduct.

c. If Attorney is required to commence an action to collect unpaid fees, Attorney shall be entitled to fees and costs associated with such collection.

d. If Attorney determines that Client's business is operating at a loss post-petition.

e. If Attorney determines, in his sole discretion, that Client will be unable to pay current outstanding billings of Attorney, or billings reasonably projected to be incurred by Attorney in the future.

f.    Following plan confirmation, Attorney is not Client's attorney of record. However, if Attorney continues to render services to Client, Attorney shall be paid in accordance with this Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement as of the date set forth below.

ATTORNEY:

LAW OFFICES OF ALAN R. SMITH

Dated: ___1-5-11___    By _____
                          ALAN R. SMITH, ESQ.

CLIENT:

Dated: ___1-5-11___    ELKO GOLD MINE, LLC

SEE FAXED SIGNATURE PAGE ATTACHED

By:_____
    Jagmohan Dhillon

f.      Following plan confirmation, Attorney is not Client's attorney of record. However, if Attorney continues to render services to Client, Attorney shall be paid in accordance with this Agreement.

      IN WITNESS WHEREOF, the parties have executed this Agreement as of the date set forth below.

ATTORNEY:

LAW OFFICES OF ALAN R. SMITH

Dated:   1-5-11       By _____
                      ALAN R. SMITH, ESQ.

CLIENT:

Dated:   1-5-11       ELKO GOLD MINE, LLC

                        By: _____
                      Jagmohan Dhillon

<u>SCHEDULE</u>

<u>DESCRIPTION OF MATTER AND SCHEDULE OF RATES</u>

(Chapter 11)

1.      <u>Matter</u>.

Representation of Debtor(s) in all aspects of Chapter 11 reorganization and proceedings in connection therewith.

2.      <u>Fees</u>.

| | |
|---|---|
| Alan R. Smith, Esq. | $450.00 per hour |
| Peggy L. Turk/Paralegal | $205.00 per hour |
| Merrilyn Marsh, ACP/Paralegal | $205.00 per hour |
| Other Paraprofessional Services | $ 95-115.00 per hour |

3.      <u>Retainer Deposit</u>.

$20,000.00

Exhibit "B"

The Law Office of

# KUNG & BROWN

214 S. Maryland Parkway,  Las Vegas,  Nevada 89101
Phone:  (702) 382-0883        Facsimile:  (702) 382-2720        Website:  www.ajkunglaw.com

### CHAPTER 11 FLAT FEE AGREEMENT

**1. IDENTIFICATION OF PARTIES.** This agreement is made between Kung & Brown, hereafter referred to as "Attorney," and Elko Gold Mine, LLC, with the mailing address of ~~3400 Parkwood Blvd. Frisco TX 75034~~ hereafter referred to as "Client."

**2. LEGAL SERVICES TO BE PROVIDED.** The legal services to be provided by Attorney to Client are regarding Chapter 11 Bankruptcy and such other matters as Attorney and Client may agree to from time to time.

**3. RESPONSIBILITIES OF ATTORNEY AND CLIENT.** Attorney will perform the legal services as agreed upon; will keep Client informed of progress and developments, and respond promptly to Client's inquiries and communications. Client will be truthful and cooperative with Attorney; keep Attorney reasonably informed of developments and of Client's address, telephone number, and whereabouts; and timely make all payments required by this agreement.

**4. ATTORNEY'S FEES.** Client will pay to Attorney the hourly rate of $350.00 for Attorney's services, or such other amount as Client and Attorney agree upon in writing.  Paralegal services will be billed to Client at the hourly rate of $85.00 per hour, or such other amount as Client and Attorney agree upon in writing. The minimum charge for any activity/legal services will be for .2, unless otherwise agreed upon in writing.  Invoices will be presented monthly and payment is due within 15 days of receipt or 10% late fee per month will be assessed on all past due amounts. Fees may be changed upon 30 days written notice to Client. Should Client fail to pay as requested and required herein, Attorney may, at Attorney's sole discretion, immediately withdraw as counsel of record and cease to represent Client further.

In the event Attorney is retained, and the legal services requested must be rendered at an **Expedited Rate** (work must be performed within 48 hours of retention), then Client will be charged at **1.5 (one and one-half) times your regular hourly rate.**

In the event of any default or fee dispute by Client, any prior discounted rate, "no charges," courtesy credits and/or discounts shall be immediately and retroactively revoked, and Client shall

1

be liable for all such previously discounted amounts, plus interest at the rate of 10% per month, from the date of the revocation forward.

**5. COSTS.** Client will pay all costs and expenses in connection with Attorney's services for Client under this agreement except as specifically stated above. Costs may be advanced by Attorney and then billed to Client unless the costs can be met out of Client deposits that are applicable toward costs. Costs include, but are not limited to, travel, investigation costs, long-distance telephone charges, messenger service fees, runner fees (generally between $10.00 and $20.00 per "run"), court filing fees, faxes ($.50 per page/local; $1.00 per page/long distance), and photocopying expenses ($.25 per page).

**6. RETAINER.** A retainer of $10,000.00 is required. Attorney will not be retained by Client, or undertake any representation of Client, until such retainer is remitted.

**7. STATEMENTS AND PAYMENTS.** Attorney will send Client monthly statements indicating costs incurred and their basis, any amounts applied from the deposit, and any current balance owed. If no costs are incurred for a particular month, or if they are minimal, the statement may be held and combined with that for the following month unless a statement is requested by Client. Any balance will be paid in full upon receipt of statement.

**8. DISCLAIMER OF GUARANTY.** Although Attorney may offer an opinion in this matter, Attorney cannot, and does not, guarantee any particular result. Client acknowledges that Attorney has made no promises about the outcome and that any opinion offered by Attorney in the future will not constitute a guaranty.

**9. AMENDMENTS.** The provisions of this Agreement may be waived, altered, amended, or repealed, in whole or in part, only by the written consent of all Parties to this Agreement.

**10. VALIDITY OF AGREEMENT.** It is intended that each Paragraph of this Agreement shall be viewed as separate and divisible, and if any paragraph shall be held invalid, the remaining paragraphs shall continue in full force and effect.

**11. ATTORNEY FEES & COLLECTION COSTS.** If any legal action, arbitration, or other proceeding is brought for the enforcement of this agreement, or to compel payment for legal services and costs rendered hereunder, Attorney will be entitled to recover reasonable attorney fees and other costs incurred in that action or proceeding, in addition to any other relief to which they may be entitled. In the event Attorney represents itself in any such proceeding, the reasonable value of its services shall be deemed to be the same hourly rate as agreed upon herein for legal services to Client hereunder.

**12. JURISDICTION & VENUE.** The parties hereto irrevocably agree to submit to personal jurisdiction in the State of Nevada, County of Clark, and further irrevocably agree that any dispute arising out of this agreement, or services rendered hereunder, shall be decided and

determined under the laws of the State of Nevada, and that venue shall lie in Clark County, Nevada.

## 13. DISCLAIMERS.

As we have discussed, it is **your** responsibility to provide me with a list of all of your creditors, complete with names, addresses, account numbers, year opened and balances. Any collection agency or attorney for any creditor must also be listed with their complete address. Any creditor not provided by you will not be listed in the bankruptcy and the debt will **not** be discharged.

<u>Initials</u>

The schedules and mailing list must include every person to whom you owe money even if you intend to pay them after you file bankruptcy. The creditors list should also include every person you believe might later contend you owe them money, even though the obligation may be contingent, unliquidated or disputed. If I need to prepare an amendment to your petition to add additional creditors not listed at the time of the filing, there is a fee of $150 per amendment (less than 20 creditors), $200.00 per amendment (more than 20 creditors).

<u>Initials</u>

I have fully discussed your bankruptcy and non-bankruptcy options. I have also discussed the various chapters of bankruptcy, and you have concluded that you wish to file a Chapter 11 case. You also understand that I do not specialize in tax issues. If you transferred, transfer, or intend to transfer, real property prior to, during, or after your bankruptcy via sale, short sale, foreclosure, or otherwise, such transfer might give rise to a tax liability. I make no representations as to the tax implications of such a transfer, or about the dischargeability of taxes, and advise you to seek advice from a tax specialist.

<u>Initials</u>

If you fail to appear at the 341(a) Meeting, your case will likely be dismissed with a 180-day bar against re-filing another bankruptcy case. If you cannot attend the 341(a) Meeting, please notify me immediately. Some trustees may allow you to reschedule the 341(a) Meeting if you have a compelling excuse and you provide sufficient prior notice. If you miss your hearing, and I am required to attend a rescheduled hearing, there will be an additional fee of $300.

<u>Initials</u>

You must keep me apprised of your current address at all times. I may keep an electronic copy of your file and dispose of all documents after your discharge or dismissal. It is possible that I

3

may use an appearance attorney from our office at your 341(a) meeting. If so, you will be notified in advance.

_____
Initials

You are required to commence making your proposed Chapter 13 plan payments within 30 days of filing your Bankruptcy Petition. If you fail to make the plan payments as required your case may be dismissed and you may be barred from refiling and/or lose the protection of the automatic stay.

_____
Initials

The foregoing is agreed to by:

DATED this 5ᵗʰ day of _Feb._, 2010.

_____
Kung & Brown

_____
Client's Signature

3400 Parkwood Blvd
Frisco TX 75034.
Mailing Address

775 250 7810
Primary Phone Number

_____
Cellular Phone Number

972 668 0327
Alternate Phone Number

moan@prodigy.net.
Email

01 02 1973
Date of Birth

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
Social Security Number

4