ALAN R. SMITH, ESQ.
Nevada Bar No. 1449
Law Offices of Alan R. Smith
505 Ridge Street
Reno, Nevada 89501
Telephone (775) 786-4579
Facsimile (775) 786-3066
**E-mail: mail@asmithlaw.com**

Co-Counsel for Debtor

AJ KUNG, ESQ.
Nevada Bar No. 7052
BRANDY BROWN, ESQ.
Nevada Bar No. 9987
Kung & Associates
214 S. Maryland Parkway
Las Vegas, Nevada 89101
Telephone: (702) 382-0883
Facsimile: (702) 382-2720
Email: ajkung@ajkunglaw.com
Email: bbrown@ajkunglaw.com

Counsel for Debtor

*ELECTRONICALLY FILED*
*May 10, 2011*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

—ooOoo—

| | |
|---|---|
| In Re: | Case No. BK-N-11-50084-BTB |
| | Chapter 11 |
| ELKO GOLD MINE, LLC, | |
| Debtor. | Hearing Date:    TBD |
| _____/ | Hearing Time:    TBD |

# DEBTOR'S AMENDED
# PLAN OF REORGANIZATION

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\Plan (Amd) (v4) 051011-rmb.wpd

# TABLE OF CONTENTS

1. INTRODUCTION ........................................................... 1
2. DEFINITIONS ............................................................. 1
3. CLAIMS AND INTERESTS ................................................ 4
   3.1   Classification of Claims and Interests ............................. 4
   3.2   Unimpaired Classes ............................................... 4
4. TREATMENT OF CLAIMS AND INTERESTS ................................ 5
   4.1   Class 1 (Excel National Bank Secured Claim) ....................... 5
   4.2   Class 2 (DNK Airport, LLC) ....................................... 6
   4.3   Class 3 (CM Jarvis Furniture Leasing, Inc.) ........................ 6
   4.4   Class 4 (Elko County Treasurer) ................................... 7
   4.5   Class 5 (Unsecured Claims) ....................................... 7
   4.6   Class 6 (Membership Interests) .................................... 7
5. TREATMENT OF UNCLASSIFIED CLAIMS ................................. 7
   5.1   Administrative Claims ............................................ 7
   5.2   Fees to the United States Trustee .................................. 8
   5.3   Priority Claims .................................................. 8
   5.4   Disputed Claims ................................................. 8
6. EXECUTORY CONTRACTS .............................................. 8
7. MEANS OF IMPLEMENTING AND FUNDING THE PLAN .................. 8
   7.1   Contribution From Members ...................................... 8
   7.2   Continued Operation ............................................. 9
   7.3   Sale or Refinance of Property ..................................... 9
   7.4   Disputed Claims ................................................. 9
   7.5   Revesting of Assets in the Debtor .................................. 9
   7.6   Disbursing Agent ................................................ 9
8. POST CONFIRMATION FINANCIAL CONDITION OF DEBTOR ............. 9
9. POST-CONFIRMATION MANAGEMENT OF THE DEBTOR ................ 9

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\Plan (Amd) (v4) 051011-rmb.wpd    -i-

| | | |
|---|---|---|
| 10. | POST-CONFIRMATION DEFAULT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 10 |
| 11. | FEDERAL INCOME TAX CONSEQUENCES OF THE PLAN . . . . . . . . . . . | 10 |
| 12. | INJUNCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 10 |
| 13. | EXCULPATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 11 |
| 14. | MISCELLANEOUS PROVISIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 11 |
| 15. | RETENTION OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 12 |
| 16 | MODIFICATION OF PLAN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 13 |

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\Plan (Amd) (v4) 051011-rmb.wpd    -ii-

1. **INTRODUCTION**

Debtor, ELKO GOLD MINE, LLC, a Nevada limited liability company (hereinafter "Debtor"), filed its petition for relief under Chapter 11 of the Bankruptcy Code on **January 10, 2011.** This Amended Plan of Reorganization (the "Plan") is a proposal to creditors to resolve the debts owed on the date of filing the petition.

The Plan must receive creditor approval and the Court must find that it meets the requirements of the law in order to be confirmed. If this Plan is not confirmed, then the Court may allow:

(A)  The case to be dismissed;

(B)  The Debtor and others to draft another plan; or

(C)  The case to be converted to a Chapter 7 proceeding, with the assets of the Debtor being sold in liquidation and the proceeds distributed in accordance with the Bankruptcy Code.

Creditors are reminded that the Debtor has prepared and filed a Disclosure Statement that provides information about the Debtor and its past operations.

2. **DEFINITIONS**

Whenever from the context it appears appropriate, each term stated in either the singular or the plural shall include the singular and the plural, and pronouns stated in the masculine, feminine or neuter gender shall include the masculine, the feminine and the neuter. Any capitalized term not defined herein that is defined in the Bankruptcy Code shall have the meaning ascribed to it in the Bankruptcy Code. Unless the context requires otherwise, the following words and phrases shall have the meanings set forth below when used in this Plan:

(A)  *"Administrative Claim."* Claim arising during the administration of Debtor's Chapter 11 case entitled to priority under Section 507(a)(1) of the Bankruptcy Code.

(B)  *"Allowed Claim*." This term will refer to and mean every claim, including administrative claims, secured claims, priority claims and unsecured claims: (i) as to which a proof of claim has been filed with the Court within the time fixed by the Court or, if such claim arises from the Debtor's rejection of an unexpired lease or other executory contract,

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\Plan (Amd) (v4) 051011-rmb.wpd     -1-

within thirty (30) days after the Effective Date of the Plan, or (ii) which is scheduled as of the Confirmation Date of the Plan in the schedules filed by the Debtor or amended by the Debtor as of said date, and is liquidated in amount and undisputed; and in either of the above events, as to which no objection to allowance of such claim or request for subordination thereof has been filed within any applicable time period fixed by the Court or as to which an order allowing such claim and establishing its priority has become final and non-appealable, or (iii) with respect to administrative claims, as to which an application has been approved by order of the Bankruptcy Court.

(C) *"Bankruptcy Case."* This term shall mean the pending Chapter 11 case entitled *In re Elko Gold Mine, LLC, a Nevada limited liability company*, Case No. Bk-N-11-50084-BTB.

(D) *"Bankruptcy Code."* This term means the Bankruptcy Code of 1978, as codified in Title 11 of the United States Bankruptcy Code by Public Law 95-598, including all amendments thereof and thereto.

(E) *"Bankruptcy Court."* This term means the United States Bankruptcy Court for the District of Nevada, Reno, or such other court as has jurisdiction of these Chapter 11 cases.

(F) *"Claim."* This term means any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or any right to an equitable remedy for breach of performance, if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

(G) *"Code" or the "Bankruptcy Code."* This term means Title 11, United States Code.

(H) *"Confirmation Date."* This term refers to and shall mean the date on which the Court enters its Order confirming Debtor's Plan of Reorganization, or any subsequently amended plan of reorganization.

(I) *"Confirmation Hearing."* This term shall mean the hearing or hearings in

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\Plan (Amd) (v4) 051011-rmb.wpd    -2-

1  which the Bankruptcy Court considers confirmation of the Plan.

2      (J)    ***"Debtor."*** The term Debtor means ELKO GOLD MINE, LLC, the Chapter 11
3  Debtor in Case No. BK-N-11-50084-BTB.

4      (K)    ***"Disclosure Statement."*** Disclosure Statement means the Debtor's Amended
5  Disclosure Statement filed by the Debtor, and as approved by the Bankruptcy Court.

6      (L)    ***"Effective Date."*** This term shall mean the date which is the first day of the
7  month at least thirty (30) days following the Confirmation Date.

8      (M)    ***"Excel"*** or ***"Bank."*** This term shall mean Excel National Bank.

9      (N)    ***"Excel National Bank Deed of Trust."*** This term shall mean the Deed of Trust,
10 Security Agreement and Financing Statement securing the Excel National Bank Note wherein
11 Debtor is trustor, Excel National Bank is the beneficiary, and First American Title Company,
12 is trustee, recorded as Document No. 604916 in the Official Record of the Elko County
13 Recorder on October 22, 2008.

14     (O)    ***"Excel National Bank Interest Rate."*** This term shall mean the interest rate
15 allowed on the Excel National Bank Secured Claim as set forth in Section 4.1(c) hereof.

16     (P)    ***"Excel National Bank Note."*** This shall mean the Promissory Note dated
17 October 22, 2008, in which the Debtor is obligor, and Excel National Bank is the beneficiary,
18 having an original principal balance of $5,000,000.00.

19     (Q)    ***"Excel National Bank Note Balance."*** This term shall mean the balance owed
20 on the Excel National Bank Note on the Petition Date.

21     (R)    ***"Petition Filing Date."*** This term shall refer to January 10, 2011, the date on
22 which Debtor filed its voluntary petition commencing the above-captioned Chapter 11 case.

23     (S)    ***"Plan."*** This term shall refer to Debtor's First Amended Plan of
24 Reorganization, together with any amendments or modifications thereto as may hereafter be
25 filed by the Debtor.

26     (T)    ***"Post Confirmation."*** This term shall mean the period of time after the
27 Confirmation Date.

28     (U)    ***"Priority Claim."*** This term shall mean any claim entitled to priority pursuant

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\Plan (Amd) (v4) 051011-rmb.wpd          -3-

to Section 507(a) of the Bankruptcy Code.

(V)   ***"Property."*** This term shall mean the motel known as the Best Western Elko Inn located at 1930 Idaho Street, Elko, Nevada.

(W)   ***"Reorganized Debtor."*** This term means Elko Gold Mine, LLC, a Nevada limited liability company, following the Confirmation Date.

(X)   ***"Secured Claim."*** This term means a Claim secured by either a deed of trust upon the Property, or a security interest in personal property owned or used by the Debtor.

(Y)   ***"Unsecured Claim."*** This shall mean a Claim that is not secured by a pledge of or security interest in any of the Debtor's property.

3.   **CLAIMS AND INTERESTS**

   3.1   **Classification of Claims and Interests**

   Pursuant to Section 1122 of the Bankruptcy Code, set forth below is a designation of classes of Claims and Interests. Administrative Claims and Priority Claims of the kinds specified in Sections 507(a)(1) and 507(a)(8) of the Bankruptcy Code have not been classified and are excluded from the following classes in accordance with Section 1123(a)(1) of the Bankruptcy Code.

   <u>Class 1:</u>   Allowed Secured Claim of **Excel National Bank**, as evidenced by a first deed of trust upon the Property.

   <u>Class 2:</u>   The claim of DNK Airport, LLC as described herein.

   <u>Class 3:</u>   The secured claim of CM Jarvis Furniture Leasing, Inc., as evidenced by its security interest.

   <u>Class 4:</u>   The Secured Claim of the **Elko County Treasurer**, against the Property.

   <u>Class 5:</u>   Allowed Claims of **unsecured creditors** of the Debtor not entitled to priority under § 507 of the Bankruptcy Code and not otherwise included in any other class hereof, including, without limitation, claims which may arise out of the rejection of executory contracts.

   <u>Class 6:</u>   The **membership interest** of the Debtor.

   3.2   **Unimpaired Classes**

   The Class 7 membership interest is unimpaired under the Plan.

///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\Plan (Amd) (v4) 051011-rmb.wpd       -4-

4.  **TREATMENT OF CLAIMS AND INTERESTS**

Each creditor class shall be treated as follows:

    4.1    **Class 1 (Excel National Bank Secured Claim):**

The Excel National Bank Secured Claim shall be treated under the Plan as follows:

    **(A)    Amount of the Excel National Bank Secured Claim**

The amount of the Excel National Bank Secured Claim shall be the lesser of the value of the Property determined as of the Confirmation Date (the "Value as of Confirmation Date") or the Excel National Bank Note Balance.

    **(B)    Retention of Security Interest in Property**

Excel National Bank shall retain its security interest in the Property as evidenced by the Excel National Bank Deed of Trust.

    **(C)    Payment of the Excel National Bank Secured Claim**

The Excel National Bank Secured Claim shall bear interest at the rate of 4.25% per annum from and after the Effective Date, or, in the event of objection by the Class 1 creditor, such other rate as the Court shall determine is appropriate after considering the evidence at the Confirmation Hearing (the "Excel National Bank Interest Rate"). On or before the 15th day of each and every month, commencing on the 15th day of the next month following the Effective Date, the Debtor shall distribute to Excel National Bank an amount equal to the normal amortized monthly payment based upon the Excel National Bank Interest Rate and a 30-year amortized mortgage term (the "Monthly Class 1 Payment").

    **(D)    Payment of the Balance Due on the Excel National Bank Secured Claim**

The balance owed on the Excel National Bank Secured Claim, together with any and all accrued interest, fees and costs due thereunder, shall be paid on or before ten (10) years following the Effective Date, or such other date as may be proposed by the Debtor and approved by the court at the Confirmation Hearing (the "Excel Maturity Date"), by the means as set forth in Section 7 below.

///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\Plan (Amd) (v4) 051011-rmb.wpd        -5-

**(E)  Loan Documents Remain In Effect**

The Excel National Bank Note and the Excel National Bank Deed of Trust shall remain in full force and effect, except as modified by or otherwise inconsistent with this Plan, in which event the terms of this Plan shall supercede.

**(F)  Plan Default**

In the event of a default by the Debtor under the Plan, and in the event Debtor fails to cure such default within fifteen (15) business days after delivery of notice to the Debtor and to Debtor's counsel, Excel National Bank shall be entitled to enforce all of the terms of the Excel National Bank Deed of Trust and the Excel National Bank Note, in addition to all rights available under Nevada law, including, without limitation, foreclosure upon the Property and the opportunity to credit bid the entire amount of the Excel National Bank Note at any foreclosure sale.

**4.2  Class 2 (DNK Airport, LLC):**

The DNK Airport, LLC ("DNK") claim is secured by a second deed of trust. The value of the Property is less than the amount owed to the Class 1 creditor, and therefore, DNK's claim is entirely unsecured and shall be included in Class 5, unsecured claims, and treated accordingly.

**4.3  Class 3 (CM Jarvis Furniture Leasing, Inc.):**

The Class 3 claimant shall retain its existing security interest in the motel furniture and personal property held as collateral. The amount of the Allowed Secured Claim shall be the lesser of the amount owed on the Jarvis note as of the petition date or the value of the collateral securing the note. Debtor estimates the value of the collateral securing the note is $200,000.00, however, the class 3 claimant or the Debtor may present evidence at the Confirmation Hearing that the value of the collateral is greater or lesser, in which event its Allowed Secured Claim shall be appropriately modified. The Allowed Secured Claim shall bear interest at the rate of 4.5% per annum, or in the event of objection raised by the Class 3 creditor, such rate shall be determined by the court as appropriate at the Confirmation Hearing (the "Jarvis Interest Rate"). The Allowed Secured Claim shall be paid in one hundred twenty

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\Plan (Amd) (v4) 051011-rmb.wpd    -6-

(120) equal monthly installments, or such fewer payments as may be proposed by the Debtor and approved by the Court at the Confirmation Hearing, based on the Jarvis Interest Rate, commencing on the fifteenth day of the next month following the Effective Date until paid in full. To the extent not inconsistent with this paragraph, the terms and conditions of the existing promissory note and security agreement shall remain in full force and effect. The balance of the claim (the total Allowed Claim less the Allowed Secured Claim) shall be paid according to the treatment for Class 5 general unsecured claims.

### 4.4   Class 4 (Elko County Treasurer):

The Secured Claim of the Elko County Treasurer shall bear interest at the statutory rate of 6% per annum, and shall be paid by equal monthly payments over a period of 60 months, commencing on the first day of the first month following the Effective Date.

### 4.5   Class 5 (Unsecured Claims):

Allowed Unsecured Claims shall receive a prorata distribution of the Surplus Equity Contribution as described in Section 7.1 below. In addition, Allowed Secured Claims shall receive a prorata distribution of the amount of $125,000.00 from refinance or sale of the Property at or before the maturity date for the payment of the Class 1 creditor. The Debtor may propose a different distribution amount at the time of the Confirmation Hearing.

### 4.6   Class 6 (Membership Interests):

The members shall retain their membership interests in the Reorganized Debtor, but shall receive no distribution until Classes 1 through 5 are paid in full.

## 5.   TREATMENT OF UNCLASSIFIED CLAIMS

### 5.1   Administrative Claims

Claims arising during the administration of the Debtor's Chapter 11 case and entitled to priority under Section 507(a)(1) of the Bankruptcy Code are not classified under the Plan. Holders of such claims shall be paid in full on the latter of the Effective Date, or fifteen (15) days after entry of an order creating an Allowed Administrative Claim, unless holders of an Allowed Administrative Claim agree to alternative treatment. Allowed Administrative Claims may be paid by the members of the Debtor.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\Plan (Amd) (v4) 051011-rmb.wpd    -7-

### 5.2 Fees to the United States Trustee

All fees required to be paid to the United States Trustee will be paid in full upon the Effective Date of the Debtor's Plan, and shall remain current until the case is fully administered, closed, converted or dismissed, whichever occurs first. Such fees may be paid by cash contributions by the member of the Debtor.

### 5.3 Priority Claims

Allowed Priority Claims shall be paid in full within 60 months following the Effective Date, with interest, as provided by 11 U.S.C. §1129(a)(9).

### 5.4 Disputed Claims

All payments hereunder to creditors whose claims are not liquidated or are disputed shall be paid into a segregated trust account until such claims are an Allowed Claim, in which case the proceeds shall be disbursed, or such claim shall be disallowed.

## 6. EXECUTORY CONTRACTS

All executory contracts of the Debtor are assumed, and shall be maintained current. To the extent not cured prior to the Effective Date, all delinquent payments owed to Best Western International, Inc. shall be paid current as of the Effective Date. Such payment shall be made by contributions from the Debtor's members or affiliates. The required payment amount shall be deposited in a segregated trust account prior to June 23, 2011.

## 7. MEANS OF IMPLEMENTING AND FUNDING THE PLAN

### 7.1 Contribution From Members

The Debtor's members shall contribute the greater of the sum of $125,000.00, or the amount necessary to cure the delinquent payments to Best Western International, in order to fund the Plan. The Debtor's members may contribute additional sums to fund the Plan. Such sum shall be deposited into a segregated trust account on or before June 23, 2011. Such sum shall be applied first to cure all delinquency owed on the membership agreement with Best Western International, Inc., with the balance, if any, distributed prorata to Allowed Class 5 creditors.

///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\Plan (Amd) (v4) 051011-rmb.wpd    -8-

### 7.2 Continued Operation

The Plan will be funded by the Debtor's income from the ongoing operation of its business. Debtor anticipates that this will be sufficient to make the payments due of the Class 1, 3 and 4 claims.

### 7.3 Sale or Refinance of Property

The Debtor will sell or refinance the Property before the Excel Maturity Date. The proceeds from such sale or refinance shall be used to fund the Plan as set forth herein.

### 7.4 Disputed Claims

All sums contemplated to be paid under the Plan to creditors whose claims are not liquidated or are disputed shall be paid into a segregated trust account until such claims are an Allowed Claim, in which case the proceeds shall be disbursed, or such claim shall be disallowed.

### 7.5 Revesting of Assets in the Debtor

Upon confirmation of the Plan, all property of the estate of the Debtor shall be revested in the Debtor, pursuant to 11 U.S.C. § 1141(c), which shall retain such property as the Reorganized Debtor free and clear of all claims and interests of the creditors, except as set forth in the Plan.

### 7.6 Disbursing Agent

The Debtor will serve as disbursing agent and shall make all payments required under the Plan. The disbursing agent may employ or contract with other entities to assist in or to perform the distribution of the property and shall serve without bond.

## 8. POST-CONFIRMATION FINANCIAL CONDITION OF THE DEBTOR

Following Plan confirmation, the Debtor believes that its post-confirmation financial condition shall be as set forth in the Post-Petition Balance Sheet attached to the Disclosure Statement as **Exhibit "A."**

## 9. POST-CONFIRMATION MANAGEMENT OF THE DEBTOR

The Debtor shall be managed post-confirmation by its current employees, or such new employees as are obtained, as well as by Elko Gold Mine, LLC, which shall receive a

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\Plan (Amd) (v4) 051011-rmb.wpd        -9-

management fee of 5% of gross monthly revenues provided the Debtor is current in its obligations under the Plan.

## 10. POST-CONFIRMATION DEFAULT

In the event the Debtor becomes delinquent in duty or obligation under the Plan, the affected creditor or creditors may provide written notice of such default to the Debtor and its counsel at the following addresses:

|  |  |
| --- | --- |
| Alan R. Smith, Esq.<br>505 Ridge Street<br>Reno, Nevada 89501 | Elko Gold Mine, LLC<br>3019 Idaho Street<br>Elko, NV 89801 |

The Debtor shall thereafter have fifteen (15) business days from receipt of said notice in which to cure the default. In the event such default remains uncured, the affected creditor or creditors may bring the matter before the Bankruptcy Court. At any hearing, the Bankruptcy Court may consider the reason for the default and the ability of the Debtor to bring the payment(s) current in a reasonable period of time. The Bankruptcy Court may also consider conversion of the case to a Chapter 7 of the Code or dismissal if the same is in the best interests of creditors.

## 11. FEDERAL INCOME TAX CONSEQUENCES OF THE PLAN

Pursuant to the Plan, funding will be accomplished from the Debtor's income from which the Debtor intends to pay all taxes associated with its Post-Confirmation earnings. Creditors are advised to discuss with their own tax advisor any tax effect to the creditor of such payments.

## 12. INJUNCTION

From and after the Effective Date, and except as provided in the Plan and the Confirmation Order, all entities that have held, currently hold or may hold a Claim are permanently enjoined from taking any of the following actions on account of any such Claims: (i) commencing or continuing in any manner any action or other proceeding against the Debtor, or its Property; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree or order against the Debtor or the Reorganized Debtor, or their respective property; (iii) creating, perfecting or enforcing any lien or encumbrance against the

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\Plan (Amd) (v4) 051011-rmb.wpd    -10-

Debtor or the Reorganized Debtor, or their respective property; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability, or obligation due to the Debtor or the Reorganized Debtor, or their respective property; or (v) commencing or continuing any action, in any manner or any place, that does not comply with or is inconsistent with the provisions of the Plan or the Bankruptcy Code.

### 13. EXCULPATION

From the Petition Date through the Effective Date, the Debtor and its officers, directors, attorneys, agents and employees shall not have any liability to the Debtor or any other claimants or creditors, or other parties in interest in the Bankruptcy Case for any act or omission in connection with or arising out of the Bankruptcy Case, including, without limitation, prosecuting confirmation of the Plan, confirmation of the Plan, and the administration of the estate, the Plan or the property to be distributed under the Plan, except for gross negligence or wilful misconduct, and in all respects, such persons will be entitled to rely on the advice of counsel with respect to their duties and responsibilities with respect to the Chapter 11 Case and the Plan.

### 14. MISCELLANEOUS PROVISIONS

(A)    Upon confirmation of the Plan, all property of the estate shall revest in the Debtor, which shall retain such property free and clear of all claims and interest of creditors, except as set forth in the Plan.

(B)    The Reorganized Debtor will serve as disbursing agent and shall disburse all property to be distributed under the Plan, and may employ or contract with other entities to assist in or to perform such distributions. Such services may be performed without the necessity of posting a bond.

(C)    Confirmation of the Plan constitutes a discharge pursuant to 11 U.S.C. § 1141 of any and all liabilities of the Debtor which are discharged pursuant to the provisions of the Bankruptcy Code.

(D)    Any creditor who failed to file a proof of claim on or before any Court imposed claims bar date, shall be barred from participating in any distribution under the Plan, and the

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\Plan (Amd) (v4) 051011-rmb.wpd        -11-

Debtor shall have no further liability for such claim.

(E) Following the Effective Date, the Debtor may continue to employ counsel for necessary legal services. Counsel may be paid from the Debtor without further order of the Court.

(F) The estate shall be deemed to be fully administered upon the commencing of distributions to the Class 1 creditor.

(G) In the event that any impaired Class is determined to have rejected this Plan in accordance with Section 1126 of the Bankruptcy Code, the Debtor may invoke the provisions of Section 1129 of the Bankruptcy Code to satisfy the requirements for confirmation of this Plan. The Debtor reserves the right to modify this Plan to the extent, if any, that confirmation pursuant to Section 1129(b) of the Bankruptcy Code requires modification.

## 15. **RETENTION OF JURISDICTION**

The Bankruptcy Court shall retain jurisdiction for the following specific purposes:

(A) For the purpose specified in § 1142 of the Bankruptcy Code;

(B) The consideration of claims and such objections as may be filed to the claims of creditors pursuant to § 502 of the Bankruptcy Code, and to file and prosecute any counterclaims against such creditors;

(C) The fixing of compensation for the parties entitled thereto;

(D) To hear and determine the amount of all encumbrances or the recovery of any preferences, transfers, assets or damages to which the Debtor's estate may be entitled under applicable provisions of the Bankruptcy Code or other federal, state, or local law;

(E) To reinstate the automatic stay pending a determination of the amount owed on any secured claim;

(F) To hear and decide all causes of action now held by the Debtor, or disclosed in the Plan or Disclosure Statement;

(G) To hear and decide all adversary proceedings or contested matters currently pending in the Bankruptcy Court, or which may be filed prior to or after plan confirmation;

(H) To resolve any disputes regarding interpretation of the Plan;

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\Plan (Amd) (v4) 051011-rmb.wpd      -12-

(I) To implement the provisions of the Plan, including all provisions in the Plan which specify the retention of jurisdiction, and to make such further orders as will aid in consummation of the Plan, including the sale of any property after Plan confirmation;

(J) To adjudicate controversies regarding property of the Debtor's estate and regarding ownership thereof, including adjudication of causes of action which constitute property of the estate;

(K) To modify this Plan in accordance with § 1127 of the Bankruptcy Code;

(L) To enter such orders as may be necessary or appropriate to implement or consummate the provisions of this Plan and all contracts, instruments, releases and other agreements or documents created in connection with this Plan, the Disclosure Statement, or the Confirmation Order; and

(M) Enter a final decree and order closing the case.

### 16. MODIFICATION OF PLAN

The Debtor may modify the Plan with regard to the treatment of any creditor class, in connection with any agreement or settlement with such creditor class or in order to comply with requirements of the Code as established by the Court, provided such modification does not materially adversely affect any other class of creditors. Such modifications may be made at the Confirmation Hearing and may be reflected in the order confirming the Plan of Reorganization. Any other modification of the Plan shall be in accordance with § 1127 of the Code.

DATED this 10th day of May, 2011.

LAW OFFICES OF ALAN R. SMITH

By: /s/ Alan R. Smith
ALAN R. SMITH, ESQ.
Co-Counsel for Debtor

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\Plan (Amd) (v4) 051011-rmb.wpd    -13-

# EXHIBIT "A"

## POST-PETITION BALANCE SHEET

**ASSETS:**

| | |
|---|---|
| Cash | $ 10,000.00 (estimated) |
| Personal Property | $ 1,460,000.00 (estimated) |
| Real Property | $ 2,000,000.00 (estimated) |
| **TOTAL ASSETS:** | **$3,470,000.00** |

**LIABILITIES:**

| | |
|---|---|
| Administrative Claims (Est. Atty. Fees) | $ 60,000.00 (estimated) |
| Priority | $ 0.00 |
| Secured Debt | $ 6,710,831.00 (estimated) |
| Bank Deficiency Claim | $ (unknown) |
| Unsecured Debt | $ 1,447,557.00 (estimated) |
| **TOTAL LIABILITIES** | **$8,158,388.00** |

**NET ASSETS OVER LIABILITIES**       <$4,688,388.00>

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\Plan (Amd) (v4) 051011-rmb.wpd    -14-