1

ALAN R. SMITH, ESQ.
Nevada Bar No. 1449
Law Offices of Alan R. Smith
505 Ridge Street
Reno, Nevada 89501
Telephone (775) 786-4579
Facsimile (775) 786-3066
**E-mail: mail@asmithlaw.com**

Co-Counsel for Debtor

AJ KUNG, ESQ.
Nevada Bar No. 7052
BRANDY BROWN, ESQ.
Nevada Bar No. 9987
Kung & Associates
214 S. Maryland Parkway
Las Vegas, Nevada 89101
Telephone: (702) 382-0883
Facsimile: (702) 382-2720
Email: ajkung@ajkunglaw.com
Email: bbrown@ajkunglaw.com

Counsel for Debtor

*ELECTRONICALLY FILED*
*May 10, 2011*

2

3

4

5

6

7

8

9

10

11

12

13

14

15          UNITED STATES BANKRUPTCY COURT

16                 DISTRICT OF NEVADA

17                      —ooOoo—

18   In Re:                        Case No. BK-N-11-50084-BTB
                                   Chapter 11
19   ELKO GOLD MINE, LLC,

20          Debtor.               Hearing Date:        TBD
     _____/    Hearing Time:       TBD
21

22

23

24              **DEBTOR'S AMENDED**
25            **DISCLOSURE STATEMENT**

26

27

28

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\DS (amd) (v2) 051011-rmb.wpd

1

## TABLE OF CONTENTS

2

Page

3  1.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4       1.1   Purpose of the Amended Disclosure Statement . . . . . . . . . . . . . . . . . . . . . 1

5       1.2   Acceptance and Confirmation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

6       1.3   Confirmation Without Acceptance By All Impaired Classes . . . . . . . . . . . 3

7       1.4   Disclaimer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

8  2.   INFORMATION REGARDING THE CHAPTER 11 ESTATE . . . . . . . . . . . . . . 4

9       2.1   History of the Debtor and Events Leading to the Filing of
             The Chapter 11 Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
10

11      2.2   Ownership of Debtor and Its Management . . . . . . . . . . . . . . . . . . . . . . . . 4

        2.3   Co-Debtors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
12

13 3.   DEVELOPMENTS DURING THE COURSE OF THIS
        CHAPTER 11 CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

14      3.1   Meeting of Creditors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

15      3.2   Schedules and Statement of Affairs . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

16      3.3   Monthly Operating Reports . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

17      3.4   Employment of General Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

18      3.5   Creditors Committee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

19      3.6   Use of Cash Collateral . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

20 4.   DESCRIPTION OF ASSETS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

21      4.1   Description of Real Property . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

22      4.2   Description of Personal Property . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

23 5.   DESCRIPTION OF DEBTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

24      5.1   Administrative Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

25      5.2   Priority Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

26      5.3   Secured Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

27      5.4   Unsecured Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

28      5.5   Claims Deadline . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

6.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES  . . . . . . . . . . . . . 11

7.    DESCRIPTION OF PENDING AND COMPLETED LITIGATION  . . . . . . . . 12

8.    SUMMARY OF AMENDED PLAN OF REORGANIZATION  . . . . . . . . . . . 12

      8.1    Classification and Treatment of Claims  . . . . . . . . . . . . . . . . . . . . . . . . 13

      8.2    Treatment of Claims and Interests  . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

      8.3    Executory Contracts  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

      8.4    Means of Implementing and Funding the Plan  . . . . . . . . . . . . . . . . . . 18

9.    POST-CONFIRMATION FINANCIAL CONDITION OF THE DEBTOR . . . . 19

10.   POST-CONFIRMATION MANAGEMENT OF THE DEBTOR . . . . . . . . . . . 19

11.   ALTERNATIVES TO THE PLAN  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

12.   CERTAIN RISKS TO BE CONSIDERED  . . . . . . . . . . . . . . . . . . . . . . . . 19

      12.1   Risk of Non-Confirmation of the Plan  . . . . . . . . . . . . . . . . . . . . . . . 20

      12.2   Non-Consensual Confirmation  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

      12.3   Tax Consequences of the Plan  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

      12.4   Projections of Operations  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

      12.5   Liquidation Analysis  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

13.   CONFIRMATION OF THE PLAN  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

      13.1   Confirmation of the Plan  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

      13.2   Objections to Confirmation of the Plan . . . . . . . . . . . . . . . . . . . . . . . . 21

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\DS (amd) (v2) 051011-rmb.wpd          -ii-

## 1.    **INTRODUCTION**

This Amended Disclosure Statement (hereinafter the "Disclosure Statement") is provided to creditors by the connection with the solicitation of acceptances of the Debtor's Amended Plan of Reorganization (the "Plan"[1]), filed on **April 11, 2011**, or any subsequent amended plan of reorganization.  The Debtor's reorganization case is under Chapter 11 of the United States Code, and was initiated on **January 10, 2011**, in the United States Bankruptcy Court for the District of Nevada, as **Case No. BK-N-11-50084-BTB.**  The Plan provides for the treatment of claims of creditors and interest of the equity security holders[2].

The objective of a Chapter 11 bankruptcy case is to obtain Bankruptcy Court approval of a plan of reorganization.  This process is referred to as confirmation of a plan. A plan describes in detail (and in language appropriate for a legal contract) the means for satisfying the claims against, and equity interests in, a Debtor.  After a plan has been filed, the holders of such claims and equity securities that are "impaired" (a term defined in Bankruptcy Code Section 1124 and discussed in detail below) are permitted to vote to accept or reject the plan. Before a Debtor or other plan proponent can solicit acceptances of a plan, Bankruptcy Code Section 1125 requires the Debtor or other plan proponent(s) to prepare a disclosure statement containing adequate information of a kind, and in sufficient detail, to enable those parties entitled to vote on the plan to make an informed judgment about the plan and whether they should accept or reject the plan.

### 1.1    **Purpose of the Disclosure Statement**

The purpose of this Disclosure Statement is to ensure that claimants have adequate information to enable each class to make an informed judgment about the Plan.  The assets

---

[1]  Capitalized terms not otherwise defined herein will have the same meaning as are ascribed to such terms in the Plan which is filed contemporaneously herewith.

[2]  An equity security of the Debtor as the term is defined in Section 101(16) of the Bankruptcy Code includes any ownership interest in the Debtor, including membership interests.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\DS (amd) (v2) 051011-rmb.wpd          -1-

1   and liabilities of the Debtor are summarized herein. To the extent the information contained

2   in this Disclosure Statement may be inconsistent with the Debtor's Statement of Financial

3   Affairs and (Amended) Schedule of Assets and Liabilities filed on January 10, 2011, or

4   subsequent amendments thereto, this Disclosure Statement shall supersede such Statements

5   and Schedules (as may have been amended).

6       This Disclosure Statement describes the business background and operating history

7   of the Debtor before the filing of the case. It also summarizes certain significant events that

8   have taken place during the case and describes the terms of the Plan, which divides creditor

9   claims and the interests of shareholders into classes and provides for the satisfaction of

10  allowed claims and interests.

11      The Court will set a time and date as the last day to file acceptances or rejections of

12  the Plan. Thereafter, a hearing on confirmation of the Plan will be held in the United States

13  Bankruptcy Court for the District of Nevada, located at the U.S. Federal Building &

14  Courthouse, 300 Booth Street, Reno, Nevada. Creditors may vote on the Plan by filling out

15  and mailing a special form of ballot. The form of ballot and special instructions for voting

16  will be forthcoming upon approval of the Disclosure Statement by the Court. Creditors are

17  urged to carefully read the contents of this Disclosure Statement before making a decision

18  to accept or reject the Plan.

19      **1.2    Acceptance and Confirmation**

20      In order for the Debtor's Plan to be confirmed, each impaired class of claims or

21  interests must accept the Plan, except as set forth below. In order for the Plan to be deemed

22  accepted, a majority in number and two-thirds in dollar amount of the claims of each class

23  of creditors impaired under the Plan of those that actually vote, must vote for acceptance of

24  the Plan. Holders of claims who fail to vote are not counted as either accepting or rejecting

25  the Plan.

26      Classes of claims that are not "impaired" under a Plan are deemed to have accepted

27  the Plan. Acceptances of the Plan are being solicited only from those persons who hold

28  claims or interests in impaired classes. A class is "impaired" if the legal, equitable or

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\DS (amd) (v2) 051011-rmb.wpd          -2-

1   contractual rights attaching to the claims or interests of that class are modified, other than by

2   curing defaults and reinstating maturities, or by payment in full in cash.

3        **1.3    Confirmation Without Acceptance By All Impaired Classes**

4        The Bankruptcy Code contains provisions for confirmation of a Plan even if the Plan

5   is not accepted by all impaired classes, as long as at least one impaired class of claims has

6   accepted the Plan.  These "cram-down" provisions for confirmation of a Plan, despite the

7   non-acceptance of one or more impaired classes of claims or interest, are set forth in

8   § 1129(b) of the Bankruptcy Code.

9        If a class of unsecured claims rejects the Plan, it may still be confirmed so long as the

10  Plan provides that (i) each holder of a claim included in the rejecting class receive or retain

11  on account of that claim property which has a value, as of the Effective Date, equal to the

12  allowed amount of such claim; or that (ii) the holder of any claim or interest that is junior to

13  the claims of such class will not receive or retain on account of such junior claim or interest

14  any property at all.

15       If a class of secured claims rejects the Plan, it may still be confirmed so long as the

16  Plan provides (i) the holders of such claims retain the lien securing such claim; (ii) the

17  holders of such claims receive on account of such claims deferred cash payments totaling at

18  least the allowed amount of such claims, of a value, as of the Effective Date of the Plan, of

19  at least the value of such claimant's interest in the estate's interest in such property; (iii) for

20  the sale of the property in accordance with § 1129(b)(2)(A)(ii); or (iv) for the realization by

21  such claimants of the indubitable equivalent of the claim.

22       **1.4    Disclaimer**

23       No representations concerning the Debtor is authorized by the Debtor except as set

24  forth in this Disclosure Statement.  Any representations or inducements made to secure your

25  acceptance or rejection of the Plan other than as contained herein have not been authorized

26  and should not be relied upon by you in making your decision, and such additional

27  representations and inducements should be reported to counsel for the Debtor, who in turn

28  should deliver such information to the Court for such action as may be deemed appropriate.

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\DS (amd) (v2) 051011-rmb.wpd        -3-

1  The information contained herein has not been subjected to a certified audit.  The records
2  kept by the Debtor and other information relied on herein are dependent upon investigations
3  and accounting performed by the Debtor and others employed by the Debtor.  The Debtor is
4  unable to warrant that the information contained herein is without inaccuracy, although a
5  great effort has been made to be accurate, and the Debtor believes that the information
6  contained herein is, in fact, accurate.

7  **2.**     **INFORMATION REGARDING THE CHAPTER 11 ESTATE**

8        **2.1     History of the Debtor and Events Leading to the Filing of the Chapter 11**
9                 **Case**

10       The Debtor purchased the property known as the Best Western Elko Inn located at
11  1930 Idaho Street, Elko, Nevada (the "Property") in October of 2008.  The purchase price
12  was the sum of $7,350,000.00.  The Property was financed by Excel National Bank ("Excel")
13  in the original amount of $5,000,000.00.  A second mortgage was also placed on the Property
14  at the time of the purchase in October, 2008, with DNK Airport, LLC in the amount of
15  $1,200,000.00.  The debt was secured by a second deed of trust on the Property.

16       The Debtor successfully operated its business until early 2009, when it began to
17  experience a decline in occupancy generally associated with the decline in the overall
18  national economy and the local economy.  As a result, the Debtor became delinquent in its
19  mortgage payments, which ultimately lead to a receivership proceeding being commenced
20  against the Debtor.  The filing of this Chapter 11 case stayed the appointment of a receiver.

21       **2.2     Ownership of Debtor and Its Management.**

22       The members of the Debtor are Jagmohan Dhillon and Bawa Dhillon.  The Debtor
23  manages its own operations through Jagmohan Dhillon, Bawa Dhillon, Angie Virk (General
24  Manager) and JB Abbas (Bookkeeper).

25       **2.3     Co-Debtors**

26       There are no guarantors or co-debtors of any obligations owed by the Debtor.

27  ///
28  ///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\DS (amd) (v2) 051011-rmb.wpd          -4-

3.    **DEVELOPMENTS DURING THE COURSE OF THIS CHAPTER 11 CASE**

    **3.1    Meeting of Creditors**

    The United States Trustee conducted a meeting of creditors pursuant to 11 U.S.C. § 341 on February 14, 2011. The Debtor appeared through its principal, Jagmohan Dhillon.

    **3.2    Schedules and Statement of Affairs**

    The Debtor filed its schedule of assets and liabilities and statement of financial affairs on January 10, 2011, and amended the same on April 11, 2011. Those schedules and statements may be viewed online at www.nvb.uscourts.gov or may be obtained from the Bankruptcy Clerk for a fee.

    **3.3    Monthly Operating Reports**

    Monthly operating reports reflecting the Debtor's ongoing financial status are filed with the United States Bankruptcy Court and can be viewed online at www.nvb.uscourts.gov.

    **3.4    Employment of General Counsel**

    On March 24, 2011, the Debtor filed a Joint Application to Employ the Law Offices of Alan R. Smith and Kung & Associates as its attorneys of record. A hearing on the Joint Application has been set for May 18, 2011 at 10:00 a.m.

    **3.5    Creditors Committee**

    On January 28, 2011, the Office of the United States Trustee formed the Official Committee of Unsecured Creditors (the "Committee"). On March 23, 2011 White Law Chartered ("WLC") filed its Application (on negative notice) on appointment of counsel for the Committee. On April 26, 2011 the Court entered its order approving WLC's employment [Dkt. #97].

    **3.6    Use of Cash Collateral**

    On March 7, 2011, the court entered its Order Authorizing Interim Use of Cash Collateral and Payment of Pre-Petition Wages [Dkt. #49].

///

///

///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\DS (amd) (v2) 051011-rmb.wpd                    -5-

4.    **DESCRIPTION OF ASSETS**

   4.1   **Description of Real Property**

| Description Type | Assessor's Parcel # | Estimated Value[3] |
|---|---|---|
| Best Western Elko Inn located at 1930 Idaho Street, Elko, Nevada | 001-590-010 | $2,000,000.00 |

   4.2   **Description of Personal Property**

| Description | Location | Est. Current Value |
|---|---|---|
| Checking Account (DIP) (main account) | Nevada Bank & Trust | $ 12,250.00 |
| Petty Cash | 1930 Idaho Street, Elko, Nevada, 89801 | $ 500.00 |
| Accounts Receivable | 1930 Idaho Street, Elko, Nevada, 89801 | $ 36,745.00 |
| 2002 Chevy Passenger 1500 | 1930 Idaho Street, Elko, Nevada, 89801 | $ 3,500.00 |
| Motel Furniture | 1930 Idaho Street, Elko, Nevada, 89801 | $ 1,327,628.25 |
| Inventory, gift shop and motel. | 1930 Idaho Street, Elko, Nevada, 89801 | $ 84,716.00 |
| | TOTAL: | $ $1,465,339.70 |

5.    **DESCRIPTION OF DEBTS**

   5.1   **Administrative Claims**

     (A)   Attorneys Fees/Law Offices of Alan R. Smith.  The Debtor will be obligated to pay attorneys fees and costs owed to Kung & Associates and the Law Offices of Alan R. Smith, subject to Court approval.  The Debtor estimates that attorneys fees will

---

[3]This is the Debtor's estimate only.  May be revised if a current appraisal is obtained by the Debtor, or the value is determined by the Court.

1    be incurred prior to Plan confirmation, but is unable to project the final balance at this time.

2          (B)    U.S. Trustee Fees.  All fees required to be paid to the United States

3    Trustee will be paid in full upon the Effective Date of the Debtor's Plan.  U.S. Trustee fees

4    due in this case have been paid.

5    **5.2    Priority Claims**

6          The Debtor estimates priority claims owed as follows:

| Creditor | Nature of Lien | Estimated Amount of Priority Claim |
|---|---|---|
| City of Elko | Room Tax | $       24,676.59 |
| Nevada Division Industrial Relations | Worker's Compensation Claim (Disputed) | $       24,766.51 |
| Internal Revenue Service | FICA Taxes | $       72,221.42 |
| Internal Revenue Service | (Disputed.  Taxes owed by prior entity.) | $       89,664.00 |
| Nevada Department of Employment and Training | Unemployment Taxes | $       11,128.00 |
| Nevada Department of Taxation | Payroll Taxes | $        2,500.00 |
| TOTAL PRIORITY CLAIMS | | $      224,456.52 |

**5.3    Secured Claims**

The Debtor has scheduled against it the following secured claims:

| Creditor | Nature of Lien | Est. Amount of Secured Claim |
|---|---|---|
| Excel National Bank | Deed of Trust | $     4,892,600.00 |
| DNK Airport, LLC | Deed of Trust | $     1,200,000.00 |
| CM Jarvis Furniture Leasing | Security Interest | $       477,629.03 |
| Elko County Treasurer | Statutory Lien | $       140,602.13 |
| TOTAL SECURED CLAIMS | | $     6,710,831.10 |

**5.4    Unsecured Claims**

The Debtor has scheduled against it the following unsecured claims.

| Creditor | Basis of Claim | Scheduled Amount of Claim | Proof of Claim Amount |
|---|---|---|---|
| Aahsome Spas | Goods/Services | $568.56 | |
| Action Door Controls | Goods/Services | $17,970.00 | |
| Ahern Rentals | Goods/Services | $3,474.83 | $3,763.10 |
| All American Publishing | Goods/Services | $275.00 | |
| Alliance Commercial Equipment | Goods/Services | $3,031.93 | |
| AMTEX Tex Chem Corp. | Goods/Services | $30,396.06 | $32,183.73 |
| Amtrust North America | Goods/Services | $2,087.00 | |
| AT&T | Goods/Services | $113.76 | |
| AT&T One Net Services | Goods/Services | $80.45 | |
| Baja Broadband | Goods/Services | $3,064.90 | |
| Baltic Linen Company | Goods/Services | $64,983.00 | $64,982.30 |
| Best Western International | Goods/Services | $106,555.84 | |
| Brody Chemical | Goods/Services | $2,769.34 | |
| Capital Glass, Inc. | Goods/Services | $34,485.00 | $40,257.80 |
| Cintas Corporation | Goods/Services | $2,903.79 | |
| Clearinghouse | Goods/Services | $137.00 | |
| Coast to Coast Computer Products | Goods/Services | $959.87 | |
| Commtrak | Goods/Services | $771.18 | |
| Contemp Ceramic Tile-SLC | Goods/Services | $44,418.39 | $52,401.46 |
| Creative Breakfast Concepts, Inc. | Goods/Services | $7,936.87 | $10,936.87 |
| Crowne Arts, LLC | Goods/Services | $15,100.00 | $15,100.00 |
| Culligan of Elko | Goods/Services | $170.00 | |
| DEA Incorporated | Goods/Services | $5,648.90 | |
| Desert Design | Goods/Services | $42,222.01 | |
| DMX, Inc. | Goods/Services | $15,272.79 | $14,829.07 |
| Doormats & More | Goods/Services | $330.00 | |
| East West Refrigeration | Goods/Services | $263.02 | |
| Eccolab Supplies | Goods/Services | $5,012.00 | |
| Ecolob Pest | Goods/Services | $936.00 | |

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\DS (amd) (v2) 051011-rmb.wpd          -8-

| Creditor | Basis of Claim | Scheduled Amount of Claim | Proof of Claim Amount |
|---|---|---|---|
| Elko Area Chamber of Commerce | Goods/Services | $125.00 | |
| Elko Daily Free Press | Goods/Services | $468.66 | |
| Elko Sanitation | Goods/Services | $1,915.72 | $482.07 |
| Ellison Electric | Goods/Services | $2,633.19 | |
| Ferguson Enterprises, Inc. | Goods/Services | $18,224.61 | $33,793.30 |
| Fidelity Title | Goods/Services | $50,000.00 | |
| Frontier Communications | Goods/Services | $11,342.00 | $8,235.05 |
| Gerber Law Office, LLP | Goods/Services | $3,829.00 | |
| Goicoechea Soda Blasting | Goods/Services | $5,041.76 | |
| GR Fence Company | Goods/Services | $625.00 | |
| Gritton & Associates | Goods/Services | $159.90 | |
| HD Supply | Goods/Services | $17,292.38 | |
| Hospitality Services Company | Goods/Services | $334,950.76 | $379,360.70 |
| Hotel Signs.com | Goods/Services | $10,655.92 | |
| HotShot Power Washing | Goods/Services | $11,577.50 | |
| Hubert | Goods/Services | $68,880.96 | $64,038.64 |
| Imagine Technology Services | Goods/Services | $4,439.58 | |
| Lodgenet Interactive Corp. | Goods/Services | $4,869.87 | $4,859.68 |
| Mendenhall Equipment Co. | Goods/Services | $958.70 | |
| MGM Construction Company | Goods/Services | $105,458.00 | |
| Micros Systems, Inc. | Goods/Services | $7,263.89 | $7,228.15 |
| Midway Industries | Goods/Services | $598.90 | |
| Muzak | Goods/Services | $281.75 | |
| Nav-Elko-GCI, LLC | Goods/Services | $83.94 | |
| Nevada Division of Health | Goods/Services | $934.00 | |
| Nevada Division of Industrial Relations | Goods/Services | $18,210.12 | $24,260.51 |
| Nevada Hotel & Lodging Association | Goods/Services | $18,210.12 | |
| NV Energy | Goods/Services | $5,233.54 | |

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\DS (amd) (v2) 051011-rmb.wpd

-9-

| Creditor | Basis of Claim | Scheduled Amount of Claim | Proof of Claim Amount |
|---|---|---|---|
| Pac Van | Goods/Services | $5,100.89 | |
| Penrod's Plumbing Heating | Goods/Services | $299.06 | |
| Playground Consulting | Goods/Services | $523.20 | |
| Plumb Line Mechanical | Goods/Services | $12,127.57 | |
| Professional Furnace Cleaning | Goods/Services | $552.50 | |
| Progressive Pest Mgmt of Northern Nevada | Goods/Services | $150.00 | |
| Quick Badge & Sign, Inc. | Goods/Services | $383.10 | |
| R & R Maintenance, Inc. | Goods/Services | $195.00 | |
| Rachelle J. Nicolle, Ltd. | Goods/Services | $3,517.04 | |
| Ray LaVoie Construction | Goods/Services | $2,125.00 | |
| Red Lion Inn & Casino | Goods/Services | $17,269.65 | $17,269.65 |
| Ruby Mountain HVAC & Refrigeration | Goods/Services | $15,527.89 | $15,527.89 |
| Ruby Mountain Painting, Inc. | Goods/Services | $4,616.22 | |
| Saflok | Goods/Services | $703.52 | |
| Sealy Mattress Company | Goods/Services | $81,922.96 | |
| Service Caster Corporation | Goods/Services | $220.16 | |
| Service Lamp Corp. | Goods/Services | $421.24 | |
| Sign Resource | Goods/Services | $23,523.31 | $23,523.31 |
| Snyder Services, Inc. | Goods/Services | $17,788.00 | $17,788.00 |
| Southwest Gas Corporation | Goods/Services | $2,764.44 | |
| State Fire DC Specialities | Goods/Services | $7,084.78 | $7,566.40 |
| Superion Services, Inc. | Goods/Services | $12,952.50 | $12,952.50 |
| TDS Communications | Goods/Services | $4,759.39 | $4,987.55 |
| Team Green, Inc. | Goods/Services | $101,000.00 | |
| The Cash Advantage #94030 | Goods/Services | $2,686.51 | |
| The Paint Store | Goods/Services | $5,875.61 | $6,480.02 |
| Travel Today | Goods/Services | $32.93 | |
| TravelNow.com | Goods/Services | $252.43 | |

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\DS (amd) (v2) 051011-rmb.wpd          -10-

| Creditor | Basis of Claim | Scheduled Amount of Claim | Proof of Claim Amount |
|---|---|---|---|
| Val-U-Chem, Inc. | Goods/Services | $675.64 | |
| Valiant | Goods/Services | $3,757.04 | |
| Vic's 101 | Goods/Services | $229.77 | |
| Western | Goods/Services | $591.26 | |
| Yellow Pages | Goods/Services | $1,482.00 | |
| Zurich Insurance | Goods/Services | $244.91 | |
| **TOTAL UNSECURED CLAIMS:** | | **$1,447,557.78** | |

**5.5    Claims Deadline**

In accordance with the Bankruptcy Court's Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines filed on January 10, 2011, the deadline for filing a proof of claim for all creditors in this action is May 16, 2011, and July 11, 2011 for governmental agencies.

**6.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

The Debtor is a party to the following executory contracts:

| Executory Contract Name and Address | Description |
|---|---|
| Frontier<br>P.O. Box 3609<br>Kingman, AZ 86402 | Internet |
| Best Western Int'l, Inc.<br>c/o Buchalter Nemer PC<br>1000 Wilshire Blvd., Suite 1500<br>Los Angeles, CA 90017 | Franchise Agreement |
| Simplex Grinnell<br>Dept CH 10320<br>Palatine, IL 60055 | Fire Monitoring |
| YESCO<br>2401 Foothill Dr.<br>Salt Lake City, UT 84109 | Signage |

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\DS (amd) (v2) 051011-rmb.wpd    -11-

1    **7.    DESCRIPTION OF PENDING AND COMPLETED LITIGATION**

2         The following is a description of the pending litigation against the Debtor:

3         (a)    *Ellison Electric v. Elko Gold Mine, LLC,* CV-C-10-975, Fourth Judicial District

4    Court, In and For the County of Elko, Mechanic's Lien Foreclosure, Pending.

5         (b)    *Dallas Fidelity National Bank - Phil Meyer v. Elko Gold Minc, LLC,* DC-09-

6    10434; District Court of Dallas County, Mechanic's Lien Foreclosure, Pending.

7         (c)    *Ferguson Enterprises, Inc. v. Elko Gold Mine, LLC,* CV-1002421, Second

8    Judicial District Court, In and For the County of Washoe, Mechanic's Lien Foreclosure,

9    Pending.

10        (d)    *Plumb Line Mechanical v. Elko Gold Mine, LLC,* CV-C-10-967, Fourth

11   Judicial District Court, In and For the County of Elko, Mechanic's Lien Foreclosure,

12   Pending.

13        (e)    *Superior Services, Inc. V. Elko Gold Mine, LLC,* CV-C-10-968, Fourth Judicial

14   District Court, In and For the County of Elko, Mechanic's Lien Foreclosure, Pending.

15        (f)    *Excel National Bank v. Elko Gold Mine, LLC,* SC110298, Los Angeles

16   Superior Court - West District, Mortgage Debt Foreclosure/Receivership, Pending.

17        (g)    *Jarvis v. Elko Gold Mine, LLC,* 27-CV-10, Minnesota State Court, Fourth

18   District of Minnesota, Breach of Financing Agreement, Pending.

19        (h)    *MGM Construction v. Elko Gold Mine, LLC,* Fourth Judicial District Court, In

20   and For the County of Elko, Mechanic's Lien, Pending.

21   **8.    SUMMARY OF AMENDED PLAN OF REORGANIZATION**

22        **THE FOLLOWING IS A BRIEF SUMMARY OF THE AMENDED PLAN OF**

23   **REORGANIZATION WHICH IS FILED CONCURRENTLY HEREWITH (the**

24   **"Plan"), AND SHOULD NOT BE RELIED UPON FOR VOTING PURPOSES. THE**

25   **SUMMARY IS NOT COMPLETE, AND CREDITORS ARE URGED TO READ THE**

26   **PLAN IN FULL. A COPY OF THE AMENDED PLAN OF REORGANIZATION**

27   **WILL BE PROVIDED TO ALL CREDITORS. TO THE EXTENT THE**

28   **FOLLOWING SUMMARY INCLUDES DEFINED TERMS, THOSE DEFINITIONS**

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\DS (amd) (v2) 051011-rmb.wpd        -12-

1  ARE INCLUDED IN THE PLAN FILED CONCURRENTLY HEREWITH.  ALL

2  CAPITALIZED TERMS HEREINAFTER HAVE THE MEANINGS SET FORTH IN

3  THE PLAN.

4      **8.1    Classification and Treatment of Claims**

5          The Plan designates six (6) classes of claims.  Those classes take into account the

6  differing nature and priority of the various classified claims under the Bankruptcy Code.

7          The following table briefly summarizes the classification and treatment of all Claims

8  under the Plan and the consideration distributable on account of such Claims under the Plan.

9  The information set forth in the following table is for convenience of reference only, and

10  each holder of a Claim should refer to the Plan for a full understanding of the classification

11  and treatment of Claims provided for under the Plan.  Claims will receive designated

12  treatment within a Class only to the extent Allowed within that class. The Claim allowance

13  procedure is an ongoing process and the actual amount of the Allowed Claims may vary from

14  the estimates.

| CLASS | CLAIMS | SUMMARY OF TREATMENT |
|---|---|---|
| Nonclassified | Administrative Expenses | Paid in full on the latest of (a) on or before the Effective Date; (b) when due or such later date as approved by the claimant; or (c) when allowed by Final Order |
| Nonclassified | Administrative Claims | See Section 8.2.7 below |
| Nonclassified | Priority Claims | See Section 8.2.7 below |
| Class 1 | Secured Claim of Excel National Bank | See Section 8.2.1 below |
| Class 2 | Secured Claim of DNK Airport, LLC | See Section 8.2.2 below |
| Class 3 | Secured Claim of CM Jarvis Furniture Leasing, Inc. | See Section 8.2.3 below |

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

| CLASS | CLAIMS | SUMMARY OF TREATMENT |
|-------|--------|----------------------|
| Class 4 | Secured Claim of Elko County Treasurer | See Section 8.2.4 below |
| Class 5 | Unsecured Claims | See Section 8.2.5 below |
| Class 6 | Membership Interest | Receives no distribution until Class 1 through 5 are paid in full.  See Section 8.2.6 below |

## 8.2    Treatment of Claims and Interests

Each creditor class shall be treated as follows:

### 8.2.1   Class 1 (Excel National Bank Secured Claim):

The Excel National Bank Secured Claim shall be treated under the Plan as follows:

#### (A)    Amount of the Excel National Bank Secured Claim

The amount of the Excel National Bank Secured Claim shall be the lesser of the value of the Property determined as of the Confirmation Date (the "Value as of Confirmation Date") or the Excel National Bank Note Balance.

#### (B)    Retention of Security Interest in Property

Excel National Bank shall retain its security interest in the Property as evidenced by the Excel National Bank Deed of Trust.

#### (C)    Payment of the Excel National Bank Secured Claim

The Excel National Bank Secured Claim shall bear interest at the rate of 4.25% per annum from and after the Effective Date, or, in the event of objection by the Class 1 creditor, such other rate as the Court shall determine is appropriate after considering the evidence at the Confirmation Hearing (the "Excel National Bank Interest Rate").  On or before the 15th day of each and every month, commencing on the 15th day of the next month following the Effective Date, the Debtor shall distribute to Excel National Bank an amount equal to the normal amortized monthly payment based upon the Excel National Bank Interest Rate and a 30-year amortized mortgage term (the "Monthly Class 1 Payment").

///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\DS (amd) (v2) 051011-rmb.wpd    -14-

      **(D)    Payment of the Balance Due on the Excel National Bank Secured Claim**

The balance owed on the Excel National Bank Secured Claim, together with any and all accrued interest, fees and costs due thereunder, shall be paid on or before ten (10) years following the Effective Date, or such other date as may be proposed by the Debtor and approved by the court at the Confirmation Hearing, by the means as set forth in Section 8.4 below.

      **(E)    Loan Documents Remain In Effect**

The Excel National Bank Note and the Excel National Bank Deed of Trust shall remain in full force and effect, except as modified by or otherwise inconsistent with the Plan, in which event the terms of the Plan shall supercede.

      **(F)    Plan Default**

In the event of a default by the Debtor under the Plan, and in the event Debtor fails to cure such default within fifteen (15) business days after delivery of notice to the Debtor and to Debtor's counsel, Excel National Bank shall be entitled to enforce all of the terms of the Excel National Bank Deed of Trust and the Excel National Bank Note, in addition to all rights available under Nevada law, including, without limitation, foreclosure upon the Property and the opportunity to credit bid the entire amount of the Excel National Bank Note at any foreclosure sale.

      **8.2.2    Class 2 (DNK Airport, LLC):**

The DNK Airport, LLC ("DNK") claim is secured by a second deed of trust. The value of the Property is less than the amount owed to the Class 1 creditor, and therefore, DNK's claim is entirely unsecured and shall be included in Class 5, unsecured claims, and treated accordingly.

      **8.2.3    Class 3 (CM Jarvis Furniture Leasing, Inc.):**

The Class 3 claimant shall retain its existing security interest in the motel furniture and personal property held as collateral. The amount of the Allowed Secured Claim shall be the lesser of the amount owed on the Jarvis note as of the petition date or the value

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\DS (amd) (v2) 051011-rmb.wpd    -15-

1  of the collateral securing the note. Debtor estimates the value of the collateral securing the

2  note is $200,000.00, however, the Class 3 claimant or the Debtor may present evidence at the

3  Confirmation Hearing that the value of the collateral is greater or lesser, in which event its

4  Allowed Secured Claim shall be appropriately modified. The Allowed Secured Claim shall

5  bear interest at the rate of 4.5% per annum, or in the event of objection raised by the Class

6  3 creditor, such rate shall be determined by the court as appropriate at the Confirmation

7  Hearing (the "Jarvis Interest Rate"). The Allowed Secured Claim shall be paid in one

8  hundred twenty (120) equal monthly installments, or such fewer payments as may be

9  proposed by the Debtor and approved by the court at the Confirmation Hearing based on the

10  Jarvis Interest Rate,  commencing on the fifteenth day of the next month following the

11  Effective Date until paid in full. To the extent not inconsistent with this paragraph, the terms

12  and conditions of the existing promissory note and security agreement shall remain in full

13  force and effect. The balance of the claim (the total Allowed Claim less the Allowed

14  Secured Claim) shall be paid according to the treatment for Class 5 general unsecured claims.

15          **8.2.4    Class 4 (Elko County Treasurer):**

16          The Secured Claim of the Elko County Treasurer shall bear interest at the statutory

17  rate of 6% per annum, and shall be paid by equal monthly payments over a period of 60

18  months, commencing on the first day of the first month following the Effective Date.

19          **8.2.5    Class 5 (Unsecured Claims):**

20          Allowed Unsecured Claims shall receive a prorata distribution of the Surplus Equity

21  Contribution as described in Section 7.1 of the Plan. In addition, Allowed Secured Claims

22  shall receive a prorata distribution of the amount of $125,000.00 from refinance or sale of

23  the Property at or before the maturity date for the payment of the Class 1 creditor. The

24  Debtor may propose a different distribution amount at the time of the Confirmation Hearing.

25          **8.2.6    Class 6 (Membership Interests):**

26          The members shall retain their membership interests in the Reorganized Debtor, but

27  shall receive no distribution until Classes 1 through 5 are paid in full.

28  ///

ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\DS (amd) (v2) 051011-rmb.wpd          -16-

1      ### 8.2.7   Treatment of Unclassified Claims:

2                  **(A)      Administrative Claims**

3              Claims arising during the administration of the Debtor's Chapter 11 case and entitled

4      to priority under Section 507(a)(1) of the Bankruptcy Code are not classified under the Plan.

5      Holders of such claims shall be paid in full on the latter of the Effective Date, or fifteen (15)

6      days after entry of an order creating an Allowed Administrative Claim, unless holders of an

7      Allowed Administrative Claim agree to alternative treatment.   Allowed Administrative

8      Claims may be paid by the members of the Debtor.

9                  **(B)      Fees to the United States Trustee**

10            All fees required to be paid to the United States Trustee will be paid in full upon the

11    Effective Date of the Debtor's Plan, and shall remain current until the case is fully

12    administered, closed, converted or dismissed, whichever occurs first.  Such fees may be paid

13    by cash contributions by the member of the Debtor.

14                **(C)      Priority Claims**

15            Allowed Priority Claims shall be paid in full within 60 months following the Effective

16    Date, with interest, as provided by 11 U.S.C. §1129(a)(9).

17                **(D)      Disputed Claims**

18            All payments hereunder to creditors whose claims are not liquidated or are disputed

19    shall be paid into a segregated trust account until such claims are an Allowed Claim, in which

20    case the proceeds shall be disbursed, or such claim shall be disallowed.

21    ### 8.3    Executory Contracts

22            All executory contracts of the Debtor are assumed, and shall be maintained current.

23    To the extent not cured prior to the Effective Date, all delinquent payments owed to Best

24    Western International, Inc. shall be paid current as of the Effective Date.  Such payment shall

25    be made by contributions from the Debtor's members or affiliates.  The required payment

26    amount shall be deposited in a segregated trust account prior to June 23, 2011.

27    ///

28    ///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

1    **8.4    Means of Implementing and Funding The Plan**

2    **8.4.1    Contribution From Members**

3    The Debtor's members shall contribute the greater of the sum of $125,000.00, or the

4    amount necessary to cure the delinquent payments to Best Western International, in order to

5    fund the Plan. The Debtor's members may contribute additional sums to fund the Plan. Such

6    sum shall be deposited into a segregated trust account on or before June 23, 2011. Such sum

7    shall be applied first to cure all delinquency owed on the membership agreement with Best

8    Western International, Inc., with the balance, if any, distributed prorata to Allowed Class 5

9    creditors.

10    **8.4.2    Continued Operation**

11    The Plan will be funded by the Debtor's income from the ongoing operation of its

12    business. Debtor anticipates that this will be sufficient to make the payments due of the

13    Class 1, 3 and 4 claims.

14    **8.4.3    Sale or Refinance of Property**

15    The Debtor will sell or refinance the Property before the Excel Maturity Date. The

16    proceeds from such sale or refinance shall be used to fund the Plan as set forth herein.

17    **8.4.4    Disputed Claims**

18    All sums contemplated to be paid under the Plan to creditors whose claims are not

19    liquidated or are disputed shall be paid into a segregated trust account until such claims are

20    an Allowed Claim, in which case the proceeds shall be disbursed, or such claim shall be

21    disallowed.

22    **8.4.5    Revesting of Assets in the Debtor**

23    Upon confirmation of the Plan, all property of the estate of the Debtor shall be

24    revested in the Debtor, pursuant to 11 U.S.C. § 1141(c), which shall retain such property as

25    the Reorganized Debtor free and clear of all claims and interests of the creditors, except as

26    set forth in the Plan.

27    **8.4.6    Disbursing Agent**

28    The Debtor will serve as disbursing agent and shall make all payments required under

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\DS (amd) (v2) 051011-rmb.wpd        -18-

the Plan.  The disbursing agent may employ or contract with other entities to assist in or to

perform the distribution of the property and shall serve without bond.

**9.    POST-CONFIRMATION FINANCIAL CONDITION OF THE DEBTOR**

Following Plan confirmation, the Debtor believes that its post-confirmation financial

condition shall be as set forth in the Post-Petition Balance Sheet attached to the Disclosure

Statement as **Exhibit "A."**

**10.    POST-CONFIRMATION MANAGEMENT OF THE DEBTOR**

The Debtor shall be managed post-confirmation by its current employees, or such new

employees are are obtained, as well as by Elko Gold Mine, LLC, which shall receive a

management fee of 5% of gross monthly revenues provided the Debtor is current in its

obligations under the Plan.

**11.    ALTERNATIVES TO THE PLAN**

The Debtor believes that the Plan provides its creditors with the earliest and greatest

possible value that can be realized on their claims.

Under § 1121 of the Bankruptcy Code, the Debtor has the exclusive right to file a plan

of reorganization during the first 120 days after commencement of its Chapter 11 case, or as

otherwise extended by the Court.  The Plan was filed within such 120 day period.  In

addition, if the Plan is not accepted, other parties in interest may have an opportunity to file

an alternative plan of reorganization.

Alternatively, a liquidation of the Debtor's assets could be conducted as described in

Section 13 of this Disclosure Statement.  For the reasons described in that section, Debtor

believes that the distribution to each impaired class under the Plan will be greater and earlier

than distributions that might be received in a Chapter 7 liquidation of the Debtor's assets.

**12.    CERTAIN RISKS TO BE CONSIDERED**

HOLDERS OF CLAIMS AGAINST THE DEBTOR SHOULD READ AND

CONSIDER CAREFULLY THE FACTORS SET FORTH BELOW, AS WELL AS THE

OTHER INFORMATION SET FORTH IN THIS DISCLOSURE STATEMENT (AND THE

DOCUMENTS ATTACHED OR DELIVERED HEREWITH AND/OR INCORPORATED

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\DS (amd) (v2) 051011-rmb.wpd        -19-

HEREIN BY REFERENCE), IN DETERMINING WHETHER OR NOT TO ACCEPT OR

REJECT THE DEBTOR'S PLAN. THESE RISK FACTORS SHOULD NOT, HOWEVER,

BE REGARDED AS CONSTITUTING THE ONLY RISKS INVOLVED IN

CONNECTION WITH THE PLAN AND ITS IMPLEMENTATION.

### 12.1    Risk of Non-Confirmation of the Plan

Because the Plan provides for the reorganization of the Debtor as a going concern, many of the common risk factors found in typical reorganizations apply with respect to the Plan. These include (a) the value of the Debtor's property has suffered significantly as a result of the downturn in the United States economy since the summer of 2009. There is no assurance that the Debtor's projections of the stabilized income from the Property will occur, or that these projections will occur within the time period projected in the Plan; (c) because the Plan is dependent on continued room rentals at the Property, there is a risk that the projections of net operating income, with which to pay the Allowed Claims of Creditors, may not be met; (d)  if Excel National Bank is not paid in accordance with the Plan, and the Debtor is unable to sell the Property or to secure alternative financing, Excel National Bank may foreclose on the Property. Debtor is unaware of any regulatory contingencies or risks in connection with the Plan.

### 12.2    Non-Consensual Confirmation

In the event one or more impaired Classes of Claims does not accept the Plan, the Bankruptcy Court may nevertheless confirm the Plan at the Debtor's request, if all other conditions for confirmation have been met and at least one impaired Class has accepted the Plan (such acceptance being determined without including the vote of any "insider" in such Class) and, as to each impaired Class that has not accepted the Plan "does not discriminate unfairly" and is "fair and equitable" with respect to the rejecting impaired classes. The Debtor believes that the Plan satisfies those requirements.

### 12.3    Tax Consequences of the Plan

The Debtor believes that there are no federal income tax consequences peculiar to its Plan.  EACH HOLDER OF A CLAIM IS STRONGLY URGED TO CONSULT WITH

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\DS (amd) (v2) 051011-rmb.wpd          -20-

1  HIS/HER TAX ADVISOR REGARDING THE FEDERAL, STATE, LOCAL AND
2  FOREIGN TAX CONSEQUENCES TO HIM/HER OF THE PLAN.

3      **12.4    Projections of Operations**

4          The Debtor's projection of its future income and expenses is set forth in **Exhibit "B"**
5  attached hereto.    Those projections are based upon historical operations and projected
6  increase in room rentals up to a stabilized level.

7      **12.5    Liquidation Analysis**

8          Should the Debtor be forced to terminate its business operations or convert its case
9  to Chapter 7 and have a trustee conduct the liquidation of its assets, Debtor estimates that
10  such a liquidation will result in payment only to Excel National Bank on its secured claim
11  (Class 1 creditor) and no distribution to any of the other creditors (Classes 2, 3, 4, 5, and 6).
12  This is because Debtor will be unable to obtain any financing, which will lead to foreclosure
13  on the Property and the personal property.    The Debtor believes the value of the Property can
14  only be enhanced by continued operation of the Property, reaching stabilized occupancy, and
15  a more favorable economic environment.

16  **13.    CONFIRMATION OF THE PLAN**

17      **13.1    Confirmation of the Plan**

18          Pursuant to Section 1128(a) of the Bankruptcy Code, the Bankruptcy Court will
19  conduct a hearing regarding confirmation of the Plan at the United States Bankruptcy Court,
20  300 Booth Street, Reno, Nevada 89509, pursuant to separate notice provided to creditors and
21  interested parties.

22      **13.2    Objections to Confirmation of the Plan.**

23          Section 1128(b) provides that any party-in-interest may object to confirmation of a
24  plan.    Any objections to confirmation of the Plan must be in writing, must state with
25  specificity the grounds for any such objections and must be filed with the Bankruptcy Court
26  and served upon the following parties so as to be received on or before the time fixed by the
27  Bankruptcy Court:

28  ///

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada 89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\DS (amd) (v2) 051011-rmb.wpd          -21-

AJ Kung, Esq.
Brandy Brown, Esq.
Kung & Associates
214 S. Maryland Parkway
Las Vegas, Nevada 89101
Telephone: (702) 382-0883
Facsimile: (702) 382-2720
Email: ajkung@ajkunglaw.com

Alan R. Smith, Esq.
505 Ridge Street
Reno, Nevada 89501
Telephone: 775/786-4579
Facsimile: 775/786-3066
Email: mail@asmithlaw.com

For the Plan to be confirmed, the Plan must satisfy the requirements stated in Section 1129 of the Bankruptcy Code.

**DATED** this 10th day of May, 2011.

LAW OFFICES OF ALAN R. SMITH

By:_____*/s/ Alan R. Smith*_____
ALAN R. SMITH, ESQ.
Co-Counsel for Debtor

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\DS (amd) (v2) 051011-rmb.wpd          -22-

1

## EXHIBIT "A"

2

### POST-PETITION BALANCE SHEET

3

4  ASSETS:

5          Cash                                    $      10,000.00 (estimated)
           Personal Property                       $ 1,460,000.00 (estimated)
6          Real Property                           $ 2,000,000.00 (estimated)

7
                              TOTAL ASSETS:        $3,470,000.00
8

9

10  LIABILITIES:

11          Administrative Claims (Est. Atty. Fees)   $      60,000.00 (estimated)
            Priority                                  $           0.00
12          Secured Debt                              $ 6,710,831.00 (estimated)
            Bank Deficiency Claim                     $      (unknown)
13          Unsecured Debt                            $  1,447,557.00 (estimated)

14
                              TOTAL LIABILITIES    $8,158,388.00
15

16

17  **NET ASSETS OVER LIABILITIES**              **<$4,688,388.00>**

18

19

20

21

22

23

24

25

26

27

28

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\DS (amd) (v2) 051011-rmb.wpd

## EXHIBIT "B"

## PROJECTED MONTHLY NET INCOME

Law Offices of
ALAN R. SMITH
505 Ridge Street
Reno, Nevada  89501
(775) 786-4579

H:\Elko Gold Mine\Plan & DS\DS (amd) (v2) 051011-rmb.wpd

**Elko Gold Mine LLC**
**5 year projection**

| | 1 May 2011 - April 2012 | 2 May 2012 - April 2013 | 3 May 2013 - April 2014 | 4 May 2014 - April 2015 | 5 May 2014 - April 2016 |
|---|---|---|---|---|---|
| Tax Collected | 190,800.00 | 203,400.00 | 217,200.00 | 231,000.00 | 249,600.00 |
| Net Revenue - Rooms | 1,590,000.00 | 1,695,000.00 | 1,810,000.00 | 1,925,000.00 | 2,080,000.00 |
| **Total Gross Cash Receipts** | **1,780,800.00** | **1,898,400.00** | **2,027,200.00** | **2,156,000.00** | **2,329,600.00** |
| Salaries and Wages | 349,800.00 | 372,900.00 | 398,200.00 | 423,500.00 | 457,600.00 |
| Payroll Taxes | 47,700.00 | 50,850.00 | 54,300.00 | 57,750.00 | 62,400.00 |
| Employee Benefits | | | | | |
| **Total Payroll Expense** | **397,500.00** | **423,750.00** | **452,500.00** | **481,250.00** | **520,000.00** |
| **Operational Expense** | | | | | |
| Comp Brkf Food/Supplies | 79,500.00 | 84,750.00 | 90,500.00 | 96,250.00 | 104,000.00 |
| Operating Supplies | 47,700.00 | 50,850.00 | 54,300.00 | 57,750.00 | 62,400.00 |
| Operating Services | 31,800.00 | 33,900.00 | 36,200.00 | 38,500.00 | 41,600.00 |
| Office Supplies | 7,950.00 | 8,475.00 | 9,050.00 | 9,625.00 | 10,400.00 |
| Professional & Legal Fees | 63,600.00 | 67,800.00 | 72,400.00 | 77,000.00 | 83,200.00 |
| Travel Agent Commission | 23,850.00 | 25,425.00 | 27,150.00 | 28,875.00 | 31,200.00 |
| Dry Cleaning | 7,950.00 | 8,475.00 | 9,050.00 | 9,625.00 | 10,400.00 |
| Franchise Fees | 159,000.00 | 169,500.00 | 181,000.00 | 192,500.00 | 208,000.00 |
| Employee Training | 7,950.00 | 8,475.00 | 9,050.00 | 9,625.00 | 10,400.00 |
| Travel Expense | 12,720.00 | 13,560.00 | 14,480.00 | 15,400.00 | 16,640.00 |
| Postage & Freight | 2,385.00 | 2,542.50 | 2,715.00 | 2,887.50 | 3,120.00 |
| License and Tax | 2,385.00 | 2,542.50 | 2,715.00 | 2,887.50 | 3,120.00 |
| Management Fee | 63,600.00 | 67,800.00 | 72,400.00 | 77,000.00 | 83,200.00 |
| Dues and Subscriptions | 3,180.00 | 3,390.00 | 3,620.00 | 3,850.00 | 4,160.00 |
| Software Comm and Internet | 7,950.00 | 8,475.00 | 9,050.00 | 9,625.00 | 10,400.00 |
| Bank Charges | 636.00 | 678.00 | 724.00 | 770.00 | 832.00 |
| Credit Card Merchant Fees | 39,750.00 | 42,375.00 | 45,250.00 | 48,125.00 | 52,000.00 |
| Insurance | 27,030.00 | 28,815.00 | 30,770.00 | 32,725.00 | 35,360.00 |
| Pest Control | 1,272.00 | 1,356.00 | 1,448.00 | 1,540.00 | 1,664.00 |
| Repair & Maintenances | 95,400.00 | 101,700.00 | 108,600.00 | 115,500.00 | 124,800.00 |
| Utilities | 159,000.00 | 169,500.00 | 181,000.00 | 192,500.00 | 208,000.00 |
| Theft & Loss | 159.00 | 169.50 | 181.00 | 192.50 | 208.00 |
| Advertising and Promotion | 14,310.00 | 15,255.00 | 16,290.00 | 17,325.00 | 18,720.00 |
| **Admin & General** | **859,077.00** | **915,808.50** | **977,943.00** | **1,040,077.50** | **1,123,824.00** |
| Property Taxes | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 | 50,000.00 |
| Occupancy Tax | 190,800.00 | 203,400.00 | 217,200.00 | 231,000.00 | 249,600.00 |
| **Total Tax Expense** | **240,800.00** | **253,400.00** | **267,200.00** | **281,000.00** | **299,600.00** |
| **Total Job Cost** | **1,497,377.00** | **1,592,958.50** | **1,697,643.00** | **1,802,327.50** | **1,943,424.00** |
| **NOI** | **283,423.00** | **305,441.50** | **329,557.00** | **353,672.50** | **386,176.00** |

* Year from now, the revenue increased is estimated in hopes economy stabilizes.

EXHIBIT " B "